**CAMERON COAL CO. et al. v. COLLOPY et al.**

No. 15231—Opinion Filed Sept. 9, 1924.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Finality of Commission's Findings.**

Under the provisions of the Workmen's Compensation Law, the findings of the Industrial Commission are final and binding on this court where there is any reasonable testimony to support such findings, but where there is no such testimony, such findings may be reviewed as a matter of law.

2. **Same—Notice to Employer of Injury—Necessity.**

Under section 7292, Comp. Stat. 1921, providing for 30 days' notice to an employer of an injury, failure to give such notice will bar a claim under such section, unless the claimant shall excuse such failure by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby.

3. **Same—Lack of Notice—Lack of Prejudice—Findings.**

A finding of lack of prejudice must negative such prejudice because of lack of information as to the name and address of claimant, and the time, place, nature, and cause of the injury.

Action by the Cameron Coal Company, a corporation, and Consolidated Underwriters, petitioners, against J. C. Collopy and State Industrial Commission, respondents, to reverse an order of the State Industrial Commission. Reversed, with directions to dismiss the claim.

McPherren & Wilson and Con Murphy, Jr., for petitioners.

G. L. Grant, Caswell S. Neal, and C. C. Williams, for respondents.

WARREN, J. This is an action to reverse

an order of the State Industrial Commission wherein the said commission made an award in favor of J. C. Collopy, defendant in error, as against the Cameron Coal Company and Consolidated Underwriters, plaintiffs in error.

The claim for which compensation was awarded was filed November 7, 1921, and claimed compensation because of an injury caused by a fall upon rocks while the claimant was attempting to pull a bit from a hole in the wall of the air course in the mine of the Cameron Coal Company, where claimant was employed.

The injury complained of was alleged to have been sustained on May 9, 1921. The claimant continued his work in the employment of the company until July 28th. Notice to the Industrial Commission was given November 7, 1921. No notice as required by statute (section 7292, Comp. Stat. 1921) was ever given to the employer. The company received advice of the injury from the insurance company about November 10, 1921.

After hearings the commission made an order on March 5, 1924, allowing compensation, and making findings in part as follows:

2. "That the claimant was able to perform his work immediately following said accidental injury, but suffered some pain and inconvenience, which gradually grew worse until July 28, 1921, from which date the claimant has been temporarily totally disabled from performing his work, with the exception of five days since July 28, 1921, which the claimant worked;

3. "That the claimant did not give the respondent or the commission notice of said accidental injury within 30 days, but did secure the services of a physician, which physician rendered the claimant the necessary medical treatment;

4. "That neither the respondent nor insurance carrier herein have been prejudiced by the failure of the claimant to give notice of said accidental injury within 30 days after the same was sustained;

"The commission is therefore of the opinion: By reason of the aforesaid facts, that the failure of the claimant to give notice of said accidental injury within 30 days after the same was sustained should be excused on the ground that the failure to give such notice did not prejudice the respondent or insurance carrier, the claimant having secured necessary medical treatment, and that the claimant is entitled to compensation at the rate of $18 per week computed from July 28, 1921, less a period of five days subsequent to July 28, 1921, which the claimant worked, and continuing weekly until the termination of disability or until otherwise ordered by the commission."

The major contention in this case involves a construction of section 7292, Comp. Stat. 1921, which is as follows:

"Notice of an injury for which compensation is payable under this act shall be given to the commission and to the employer within thirty days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employe, and state in ordinary language, the time, place, nature, and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the commission by sending it by mail, by registered letter, addressed to the commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; provided, that, if the employer be a partnership, then such notice may be given to any one of the partners, and if the employer be a corporation, then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred. The failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It is the contention of the plaintiffs in error that the failure of the claimant to give his employer notice in 30 days is a bar to any recovery under his claim in this case. This is for the reason, they contend, that the burden of showing that notice could not have been given, or that the employer was not prejudiced by such failure, is on the claimant and that he has not met such burden in this case

The latter part of the section which pertains to the penalty for failure to give notice, being transposed as to its clauses to make its meaning clear, would read as follows: The failure to give such notice shall be a bar to any claim under this act, unless excused by the commission on the ground (1) that notice for some sufficient reason could not have been given, or (2) on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

This means that the failure to give notice is a dereliction of the claimant which shall bar him unless he can avoid, or explain,

or excuse, his dereliction by showing one of the two valid excuses specified by the statute. It undoubtedly places the burden upon the claimant to excuse his fault, and makes no attempt to burden the employer. It is evident that this must be the meaning, for both reasons are "excuses" and are on a par. It would be impossible for the employer to show that notice could not have been given, and the showing of prejudice is in the same category.

The Court of Appeals of the state of New York in the case of Bloomfield v. November et al., 119 N. E. 705, in construing a similar statute requiring 10 days' notice, uses the following language:

"The Legislature has made it the rule that written notice of injury shall be given within ten days after disability. As we said upon the former appeal prompt service of such notice is required 'so as to give an employer the opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice.' From the fact that the Legislature has required such notice to be given, the presumption reasonably arises that the opportunity for prompt investigation of an alleged injury is one of value. The statute, it is true, allows the failure to give this notice to be excused if it appears that the employer and the insurance company have not been prejudiced by such failure, but on principle as well as on authority the burden must rest upon the claimant who has been guilty of such default to supply the evidence and secure a finding that no such prejudice has resulted."

To our minds the language of the statute is susceptible of no other construction. The statute recognizes that where a claim is to be met, timely notice should be given in order that the employer may investigate the validity of the claim, but also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time and did in fact make an investigation or had all opportunity to do so, this would certainly show no prejudice. But the burden of excusing the failure must be on the claimant.

It is contended by the defendant in error that the opinion by the Industrial Commission "that the failure to give such notice did not prejudice the respondent or insurance carrier, the claimant having secured necessary medical treatment," is a finding of fact which is binding on this court.

It is true that a finding of the Industrial Commission is binding on this court if there is any evidence to support it. Hogan v. State Ind. Com., 86 Okla. 161, 207 Pac. 303; Stevenson v. State Ind. Com., 79 Okla. 225, 192 Pac. 580; Cameron Coal Company v. Dunn, 85 Okla. 269, 205 Pac. 503; Superior Smokeless Coal & Mining Co. v. State Ind. Com., 85 Okla. 204, 205 Pac. 497. This, of course, means evidence reasonably supporting, for if evidence was not reasonable, it could not be held to support any judgment or finding.

This brings us to the question as to whether or not there was any evidence supporting the finding that the employer in this case was not prejudiced. There is none unless, as defendant in error contends, the fact that a physician was secured within the 30-day period constituted such evidence.

What information would have been conveyed by such notice? The statute requires that it shall be in writing and shall contain the name and address of the employe, and state the time, place, nature, and cause of the injury.

The object of the notice obviously is to give the employer notice of the injury and surrounding circumstances in order that he may make an investigation with reference thereto. He should have such information to determine if the individual claiming was really an employe or such a person as could claim the benefit of the statute. Many large concerns employ transient laborers and imposition might arise were this information not definite. He should be informed of the time and place in order that he may seek witnesses who were present or near to determine if the injury actually occurred there or at some time when the claimant was not engaged in his employment. It is not enough that claimant may say, months later, that no one else was present. The employer should have timely opportunity to investigate and see if the allegation is true. Had he been given an opportunity to show facts, he might be able to show that others were in fact present or that the injury in fact occurred a distance from his plant and on the business or pleasure of the claimant. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case and claim the employer is not prejudiced because "no one else was there." The notice must also show the nature of the injury, in order that the extent of the employer's liability may be determined by him or for him. It is also nec-

essary that the cause be shown in order that the employer may determine if the hazardous employment was the cause or some fact or circumstance independent of the employment. A finding of fact by the commission to the effect that the employer is not prejudiced must excuse it on the ground that he was not prejudiced by lack of knowledge of name and address, time, place, nature, and cause of the injury. These are statutory requirements of the notice, and if there was prejudice because of lack of information as to any one of them, the failure to give notice would constitute a bar to the claim.

The mere fact that claimant consulted a physician in two or three weeks after the accident in no way supports a finding that the employer was not prejudiced. It is not within the requirements of the notice and there is nothing in its nature that will assist the employer in defending against the claim. There might be a possible lessening of the extent or duration of the injury, but this would be the natural duty of the claimant and is not contemplated by the notice.

A somewhat similar situation is found in Hynes v. Pullman Company (N. Y.) 119 N. E. 706, where the State Industrial Commission excused the delay in giving written notice on the ground that a physician was secured to treat the injury. The court in that opinion said that the absence of witnesses would require rather than excuse notice.

For these reasons, we are of the opinion that there is no testimony reasonably supporting the finding of the commission, and its order will, therefore, be reversed, with directions to dismiss the claim.

JOHNSON, C. J., and NICHOLSON, BRANSON, and HARRISON, JJ., concur.