## HALES v. OKLAHOMA PRODUCING & REFINING CO. et al.

No. 14988—Opinion Filed Dec. 23, 1924.

**Master and Servant—Workmen's Compensation Law — Notice to Employer—Necessity.**

Where, on a claim for compensation under the Workmen's Compensation Act, notice was not given to the employer or the Industrial Commission until six months after the injury occurred, and it is made to appear by claimant's evidence that the employer knew of the injury, but was given no intimation that the injury occurred in the course of his employment, it was not an abuse of discretion for the commission to refuse to excuse the failure to give the statutory notice.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Appeal from the State Industrial Commission.

Jess L. Hales, claimant for compensation, against the Oklahoma Producing & Refining Company of America and the insurance carrier. Compensation denied by the Industrial Commission, and claimant appeals. Affirmed.

Eck E. Brook, for claimant.

Keaton, Wells & Johnston, for Travelers Insurance Company, insurance carrier.

Opinion by RAY, C. This appeal is from an order of the Industrial Commission denying compensation to Jess L. Hales upon the ground that the claimant failed to give notice to the commission, or to the employer, within 30 days after the alleged injury as required by section 7292, Comp. Stat. 1921, which provides:

"Notice of an injury for which compensation is payable under this act shall be given to the commission and to the employer within 30 days after the injury. * * * The failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

This section clearly clothes the Industrial Commission with a discretion to be exercised. The failure to give the notice required by the statute is a bar to any claim under the act, unless the failure to give the notice is excused by the commission, either on the ground that notice, for some sufficient reason, could not have been given, or on the ground that the insurance carrier, or employer, sought to be charged with the compensation, has not been prejudiced thereby. The question, therefore, is, Was there an abuse of that discretion? In other words, in the circumstances of the case, as disclosed by the evidence, should the commission, in the exercise of a sound discretion, have excused the failure to give the statutory notice?

The claimant testified that the injury occurred on the 16th day of February, 1923. Notice was given to the employer July 17, 1923, and to the Industrial Commission a few days later. Claimant's wife, soon after the injury, told Mrs. Wheeler, wife of a salesman in charge of sales for the employer, over the telephone, that claimant was injured. First aid treatment was given by a local doctor and on his recommendation claimant was placed in a hospital where an operation was performed. He was in the hospital for about six months. During that time Mr. Wheeler visited him frequently. The assistant general manager visited him three times. Plaintiff's testimony was that he never at any time told Mr. Wheeler, or the assistant general manager, that the injury occurred in the course of his employment, or that the trouble was the result of accident or injury received by him. Mr. Wheeler's testimony, uncontroverted, was that he asked claimant a number of times if he remembered hurting himself, but claimant never told him that he had been hurt. The evidence shows that Wheeler made the arrangement for a room at the hospital and talked with the general manager of the employer about the matter. The general manager told him he had no authority to send the claimant to the hospital, but that he would personally guarantee the bill up to $50, and it could be looked into later. Claim-

ant contends that it was not made to appear that the employer or insurance carrier was prejudiced by failure to give the notice, and that, under the holding of this court in Dewar Coal Mining Co. et al. v. State Industrial Commission et al., 88 Okla. 24, 211 Pac. 76, failure to give notice should have been excused by the commission. In that case it was held that the employer and carrier had waived the failure to give notice and said:

"When, on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to his employer, it is unnecessary for the State Industrial Commission to make finding upon that question, or in any way excuse the failure to give such notice."

But that is not the instant case. Here, failure to give notice was specially pleaded.

The Industrial Commission is authorized to award compensation to an employe only when the injury is suffered in the course of employment. It is not made to appear by the evidence that any suggestion was ever made by the claimant, or anyone representing him, to anyone representing the employer, that claimant was injured in any way in the course of his employment, although many opportunities were afforded for imparting such information. Neither the employer, nor the insurance carrier, had an opportunity for more than six months after the injury is claimed to have occurred, to make any investigation as to whether the injury was suffered in the course of employment. The employer was entitled to the opportunity to make investigations at or near the time of the injury to ascertain whether the injury occurred in the course of employment.

We think it cannot, in reason, be contended that the employer and insurance carrier were not prejudiced by being denied the opportunity of making investigations within a reasonable time after the injury, or that the refusal of the commission to excuse the failure to give the statutory notice was an abuse of discretion.

The judgment of the Industrial Commission should be affirmed.

By the Court: It is so ordered.

Note.—See C. J.—Cyc. Workmen's Compensation Acts, § 102.