Note.—See under (1) 4 C. J. p. 898, §2868; 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (2) 40 C. J. p. 1144, §797; p. 1145, §798; 20 R. C. L. p. 1058. (3) 40 C. J. p. 1151, §807. (4) 21 C. J. p. 134, §117; 10 R. C. L. p. 371; 2 R. C. L. Supp. p. 1007; 4 R. C. L. Supp. p. 663; 5 R. C. L. Supp. p. 552; 6 R. C. L. Supp. p. 609.

FIDELITY UNION CASUALTY CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 17897. Opinion Filed Jan. 31, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

1. Master and Servant—Workmen's Compensation Law—Statutory Notice of Injuries not Vital Where Employer Has Actual Notice and no Prejudice Shown.

As a general rule, the mere failure on the part of claimant to give written notice of his injury in strict compliance with the terms of the statute will not bar a claim for compensation under the Workmen's Compensation Act where the employer has actual notice of the injury, in the absence of proof by the employer or insurance carrier that prejudice has resulted because of the failure to give such written notice.

2. Same—Effect of Failure to Give Statutory Notice Where Claimant Was Both Manager and Employee of Corporation.

Where claimant, as president and manager of a corporation, acting in the dual capacity of employer and employee, is his own employer and paymaster, receives an accidental injury compensable under the Workmen's Compensation Act, his failure to give written notice to the Industrial Commission of his injury within 30 days, as provided by section 7292, C. O. S. 1921, will bar his claim in the absence of a showing by him that no prejudice has resulted from the failure to give such notice, or that such notice could not have been given, and neither his knowledge as president, nor the knowledge of his wife, as secretary of such corporation, of such injury, will operate to shift the burden to the insurance carrier to show prejudice.

Commissioners' Opinion, Division No. 2.

Original action by the Fidelity Union Casualty Company to review award of the Industrial Commission in favor of E. H. Breuer. Reversed, with directions to dismiss.

Cheek & McRill, for petitioner.

H. L. Fogg, for respondent Breuer.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for Industrial Commission.

HERR, C. This is an action by the Fidelity Union Casualty Company to review an award made by the Industrial Commission in favor of E. H. Breuer. Claimant is president and manager of the El Reno

Foundry & Machine Company, a corporation, and his wife is the secretary. Practically all the stock of the corporation is owned and held by claimant, his wife, sister and his cousins. Claimant's alleged injury occurred August 12, 1924, while he was superintending the cutting of weeds in the foundry yard. The injury consisted of a scratch on the ankle caused by the stub of a weed. This scratch was several inches in length, and deep enough to draw blood. This injury healed up in four or five days, and caused claimant no serious trouble until the 18th of September, at which time infection developed. Two physicians were then consulted, who pronounced his trouble blotsomycosis said to be a disease caused by infection from a foreign germ. Other physicians, however, testified that claimant's trouble was caused by infection from his teeth.

On October 28th, claimant gave written notice of his injury to his wife, who was secretary of the corporation, and requested medical attention and on November 12th gave notice of the accident to the Industrial Commission and the insurance carrier, petitioner herein. On July 2, 1925, he filed his claim for compensation.

The evidence discloses that claimant was drawing a salary of $42 per week: that in addition to his duties as superintendent and manager of the concern, he performed manual and mechanical labor. The evidence further discloses that he took his salary regularly from the date of his alleged injury to the date of the hearing herein before the Industrial Commission, claimant being his own paymaster.

The Commission found that claimant sustained accidental injury arising out of and in the course of his employment, but that he took his full wages since the date of the accident, and was not, therefore, entitled to compensation for temporary total disability, and made an award against petitioner for all medical expenses incurred by claimant by reason of his injury, and left the case open for future determination as to permanent partial or permanent total disability.

It is contended by petitioner that this claim is barred for the reason that notice of the injury was not given to the Industrial Commission as provided by section 7292, C. O. S. 1921. The evidence is clear that this notice was not given until November 12th, or 90 days after the alleged injury. There is no finding that this notice could not have been given, nor that the in-

surance carrier was not prejudiced because of the failure of claimant to give the same, and, under the record, the evidence would not justify such finding.

In this case, we think it was highly important that the insurance carrier should have had timely notice. We are not unmindful of the prior holdings of this court that, in cases where the employer has actual knowledge of the injury, the burden of proof shifts to the employer and insurance carrier to show prejudice because of the failure to give written notice of the accident, as provided by the statute. This is a wise and wholesome rule, and there is no intention, from what is here said, to depart in the least therefrom. The rule, however, has no application to the facts in the instant case.

Here claimant is acting in the dual capacity of employer and employee; he acts as his own employer and his own paymaster; he paid himself regularly from the date of the alleged injury to the time of the hearing before the Industrial Commission; he was naturally interested in delaying notice, thus preventing an early investigation by the insurance carrier of the cause as well as the extent of the injury. We think this conduct was, in itself, highly prejudicial to the insurance carrier. It certainly could not be held that claimant's knowledge, as president of the respondent corporation, of his own injury or the knowledge of his wife, as secretary, made notice to the Industrial Commission and insurance carrier unnecessary, and that such knowledge shifted the burden of proof to the insurance carrier to show prejudice. To so hold would amount to nothing more or less than a judicial repeal of the statute. The statute, after providing for the giving of a written notice to the employer and Industrial Commission within 30 days after injury, and providing for the manner of service thereof, concludes as follows:

"The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground **that the insurance carrier** or employer **as the case may be,** has not been prejudiced thereby, shall be a bar to any claim under this act." (Emphasis ours.)

Under the rule announced by this court in the cases of Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 Pac. 1100; Hales v. Okla. Producing & Ref. Co., 109 Okla. 286, 232 Pac. 42, the failure on the part of claimant to give written notice to the Industrial Commission, and thus indirectly to the insurance

carrier, operates to bar claimant's claim. Under the above authorities, in the absence of actual knowledge of the injury, the burden of proof is on claimant to show that no prejudice resulted because of the failure to give written notice as provided by the statute.

We think the facts in the instant case bring it within the rule announced in the above cases, and readily distinguish it from the cases of Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 Pac. 438; and Oklahoma Gas & Elec. Co. v. Thomas, 115 Okla. 67, 241 Pac. 820.

Other propositions are argued by petitioner, but the view we have taken renders it unnecessary to consider the same.

The order and award of the Industrial Commission should be reversed, with directions to dismiss the claim.

TEEHEE, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts —C. J. p. 105. §102; anno. L. R. A. 1916A, pp. 83, 244; L. R. A. 1917D, 135; L. R. A. 1918E, 556; 28 R. C. L. p. 825; 5 R. C. L. Supp. p. 1579.