## FORD MOTOR CO. v. HUNT et al.

No. 21421. Opinion Filed Nov. 25, 1930.

Everest, Dudley & Brewer and Lee B. Thompson, for petitioner.

J. C. Helms, for respondent.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission, made and entered on May 19, 1930, in favor of J. D. Hunt, respondent, and against the Ford Motor Company, petitioner.

This action is based on a claim of respondent, J. D. Hunt, alleging that he was injured on or about June 29, 1929, while engaged in heavy lifting, at the plant of the petitioner, Ford Motor Company, and that due to the strain of such lifting, claimant suffered a hernia, for which disability claimant sought compensation.

Based upon such claim, the State Industrial Commission, on May 19, 1930, granted claimant the sum of $144 for eight weeks' compensation, and also ordered petitioner to tender claimant an operation to correct said hernia, the cost of such operation and all expenses thereto to be paid by petitioner.

From such order and award, petitioner appeals to this court.

Under the view that we take in this case it is necessary only to consider the first

assignment of error urged by petitioner, namely:

"That said order is illegal and contrary to law, for the reason that notice was not given to the petitioner in the proper time as required by section 7292, C. O. S. 1921."

Section 7292, C. O. S. 1921, provides:

"Notice—Requirements. Notice of an injury for which compensation is payable under this act shall be given to the Commission and to the employer within 30 days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employee, and state in ordinary language the time, place, nature, and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the Commission by sending it by mail, by registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence. * * * The failure to give such notice, unless excused by the Commission, either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier, or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

Under the undisputed evidence in the record, the respondent claims he was injured on or about June 29, 1929, and by respondent's own admissions and the uncontradicted evidence herein, it appears that respondent did not notify his employer, petitioner, until January of 1930, or seven months after he claimed to have been injured.

Under this state of the record, the respondent's claim is barred because of his failure to give petitioner notice of said injury within 30 days after the date of the injury (sec. 7292, supra), "unless excused by the Commission, either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, has not been prejudiced thereby."

The Industrial Commission, in its order of May 19, 1930, held:

"* * * Claimant's failure to give written notice of the accident within 30 days should be excused, and that claimant is entitled under the law to 8 weeks' compensation. * * *"

The above and foregoing is the exact language used by the Commission in excusing claimant from failure to give notice in 30 days.

The statute requires that notice shall be in writing and contain the name and address of the employee and state in ordinary language the time, place, nature and cause of the injury and be signed by him or by a person on his behalf. It shall be given to the Commission by sending it by mail, registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, registered letter, addressed to the employer at his or its last known place of residence.

We have searched the record carefully and are unable to find any notice whatsoever having been given by the claimant to the Commission or to the employer.

The statute further provides that the Commission may excuse the claimant for not having given notice "either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer has not been prejudiced thereby."

The Commission makes no effort whatsoever to show that the required notice could not be given, neither does it attempt to show that the employer was not prejudiced by failure to give said notice.

The above reason given by the Commission in its order excusing claimant for failure to give notice is merely a conclusion and in no wise shows a compliance with the statute on the part of the Commission to show that claimant's failure to give notice is excused either on the ground (1) that notice for some sufficient reason could not have been given, or (2) that the insurance carrier has not been prejudiced thereby.

Furthermore, we are of the opinion the record fails to support a finding that claimant should be excused for failure to give notice on either of the two grounds mentioned in the statute, section 7292, supra.

By respondent's own admissions in the record, it is established that the injury occurred on or about June 29, 1929; that the injury complained of was not due to any accident prior to that date. Respondent testified that while lifting heavy frames at the plant of petitioner on June 29, 1929, he experienced severe pain, and further testified: "I knew there was something wrong with me. * * * It bothered me continuously right along." Still, in view of these facts, the respondent remained silent and did not no-

tify the petitioner of the injury until January, 1930, seven months after the date of the injury.

There is nothing in the record to show that respondent could not notify his employer, the petitioner, of said accident.

This condition is expressly negatived by the showing herein that respondent made no report of any injury to petitioner, but continued working every day for petitioner from the date of the injury, June 29, 1929, until the 25th of November, 1929, at which time the plant of petitioner closed down. These facts are established by the testimony of the respondent himself and stand undenied.

Furthermore there is nothing in the record to warrant a finding that the petitioner had even constructive notice of the injury.

In Hales v. Oklahoma Producing & Refining Co. of America, 109 Okla. 286, 232 Pac. 42, this court held:

"Where, on a claim for compensation under the Workmen's Compensation Act, notice was not given to the employer or the Industrial Commission until six months after the injury occurred, and it is made to appear by claimant's evidence that the employer knew of the injury, but was given no intimation that the injury occurred in the course of his employment, it was not an abuse of discretion for the Commission to refuse to excuse the failure to give the statutory notice."

In the body of the opinion, the court said:

"It is not made to appear by the evidence that any suggestion was ever made by the claimant, or anyone representing him, to anyone representing the employer, that claimant was injured in any way in the course of his employment, although many opportunities were afforded for imparting such information. Neither the employer, nor the insurance carrier, had an opportunity for more than six months after the injury is claimed to have occurred, to make any investigation as to whether the injury was suffered in the course of employment. **The employer was entitled to the opportunity to make investigations at or near the time of the injury to ascertain whether the injury occurred in the course of employment.**" (Emphasis ours.)

In the case at bar, the respondent's own admissions establish that he did not notify petitioner of the injury until seven months after the date of the accident. The record shows conclusively that petitioner had no actual or constructive notice of such injury until seven months had passed, and that petitioner, therefore, had no opportunity to make an immediate investigation to determine the facts surrounding the alleged injury, in order to ascertain whether or not the injury actually occurred in the course of respondent's employment. The petitioner had no opportunity to make such investigation immediately following the alleged injury, and to examine any possible witnesses or respondent's fellow workmen with whom he was working at the time of the injury.

The burden of proving that the notice required by section 7292, supra, could not be given, or that the employer was not prejudiced thereby, falls upon the respondent.

In Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 Pac. 1100, this court held:

"Under section 7292, Comp. Stat. 1921, providing for 30 days' notice to an employer of an injury, failure to give such notice will bar a claim under such section, unless the claimant shall excuse such failure **by affirmative proof** that such notice could not have been given or that his employer was not prejudiced thereby."

In the body of the opinion, the court, in discussing the reason back of the rule, said:

"The object of the notice obviously is to give the employer notice of the injury and surrounding circumstances in order that he may make an investigation with reference thereto. He should have such information to determine if the individual claiming was really an employee or such a person as could claim the benefit of the statute. Many large concerns employ transient laborers and imposition might arise were this information not definite. He should be informed of the time and place in order that he may seek witnesses who were present or near to determine if the injury actually occurred there, or at some time when the claimant was not engaged in his employment. It is not enough that claimant may say, months later, that no one else was present. The employer should have timely opportunity to investigate and see if the allegation is true. Had he been given an opportunity to show facts, he might be able to show that others were, in fact, present or that the injury, in fact, occurred a distance from his p'ant and on the business or pleasure of the claimant. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case and claim the employer is not prejudiced because 'no one else was there.' The notice must also show the nature of the injury, in order that the extent of the employer's liability may be determined by him or for him. It is also necessary that the cause be shown in order that the employer may determine if the hazardous employment was the cause or some fact or circumstance independent of the employment. * * * These are statutory requirements of the notice, and if there was prejudice be-

cause of lack of information as to any one of them, the failure to give notice would constitute a bar to the claim."

The respondent herein has wholly failed to establish (1) that such notice could not have been given; or (2) that his employer was not prejudiced thereby. The burden was upon the respondent to establish by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby Cameron Coal Co. v. Collopy, supra.

We think it cannot in reason be contended that the petitioner was not prejudiced by being denied the opportunity of making investigations within a reasonable time after the injury.

In the language of the court in Bloomfield v. November et al., 223 N. Y. 265, 119 N. E. 705 (quoted with approval in Cameron Coal Co. v. Collopy, supra):

"This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice. **From the fact that the Legislature has required such notice to be given, the presumption reasonably arises that the opportunity for prompt investigation of an alleged injury is one of value.**"

Under the facts in this case and the authorities herein cited, we are of the opinion that there is no testimony reasonably supporting the finding of the Commission "that claimant's failure to give written notice of the accident within 30 days should be excused," and the Commission's order of May 19, 1930, awarding respondent compensation is hereby reversed, and the cause remanded to the State Industrial Commission, with directions to dismiss the respondent's claim for compensation.

MASON, C. J., and HUNT, RILEY, HEFNER, and ANDREWS, JJ., concur. LESTER, V. C. J., and CLARK and SWINDALL, JJ., dissent.