## OKLAHOMA NATURAL GAS CORP. et al. v. BAKER et al.

No. 21940. Opinion Filed April 28, 1931.

Clayton B. Pierce and A. M. Covington, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original proceeding in this court to review an award made by the State Industrial Commission in favor of A. Baker, claimant. and against the Oklahoma Natural Gas Corporation, as employer, and Aetna Insurance Company, as insurance carrier.

The sole ground for review is as to the finding of the Commission to the effect that the failure to give notice of the injury within 30 days from the date of the alleged accident was not prejudicial to the substantial rights of the employer or insurance carrier. That no such notice was given is admitted. The date of the alleged accidental injury was April 20, 1930. The employee's first notice of injury and claim for compensation was received by the Industrial Commission on September 30, 1930. The claimant admits that no notice of the alleged accidental injury was given by him to the employer prior to the filing of the claim. The record shows the first notice of the alleged injury was not received by the employer until about October 6, 1930, more than five months after the date of the alleged accidental injury. No evidence whatever was introduced tending to show that either the employer or the insurance

carrier had actual notice of the alleged accidental injury, nor is there any showing whatever that for any reason the notice could not have been given.

There is no evidence whatever upon which to base the finding that the failure to give the notice was not prejudicial.

The question here present has been before this court in several cases, and it is quite uniformly held in considering the provisions of section 7292, relative to the notice and the effect of failure to give same, that, unless it is shown that the employer had actual knowledge of the injury at the time thereof, the burden of proof is upon the employee, or claimant, to show (1) that for some sufficient reason the notice could not be given, or (2) that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

The question of whether the insurance carrier or employer, as the case may be, has not been prejudiced by the failure to give the notice is a question of fact to be found by the Commission like any other question of fact, and its findings thereon are binding to the same extent as its findings upon any question of fact.

The question raised seems to be definitely settled in this state in favor of the petitioners in the following cases: Cameron Coal Co. v. Callopy, 102 Okla. 207, 228 Pac. 1100; Fidelity Union Casualty Co. v. St. Indus. Commission, 130 Okla. 65, 265 Pac. 131; and Ford Motor Co. v. Hunt, 146 Okla. 105, 293 Pac. 1038.

In Cameron Coal Co. v. Callopy, supra, it was said:

"The statute recognizes that where a claim is to be met, timely notice should be given in order that the employer may investigate the validity of the claim, but also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time and did in fact make an investigation or had all opportunity to do so, this would certainty show no prejudice. But the burden of excusing the failure must be on the claimant."

Thus the burden of excusing the failure is placed upon claimant. There, as here, there was a finding that neither the employer nor the insurance carrier had been prejudiced by failure of claimant to give the notice. The question as to whether the finding was reasonably supported by evidence was then considered. Thereupon it was said:

"This brings us to the question as to whether or not there was any evidence supporting the finding that the employer in this case was not prejudiced. There is none unless, as defendant in error contends, the fact that a physician was secured within the 30 day period constituted such evidence. * * *

"For these reasons, we are of the opinion that there is no testimony reasonably supporting the finding of the Commission, and its order will, therefore, be reversed, with directions to dismiss the claim."

In the instant case there is no evidence whatever tending to show lack of prejudice. Shell Pipe Line Co. v. Camper, 143 Okla. 94, 287 Pac. 1009, is relied upon by respondent. It is urged that because the learned Justice in that case stated:

"The Commission having found as a fact that the employer was not prejudiced by the failure of claimant to give notice of his injury within the time prescribed by law, it therefore follows that, as a matter of law, such failure to give notice does not bar the action of this claimant under said act"

—that a rule is announced there different from that in Cameron Coal Co. v. Callopy, supra.

It is urged that the court does not consider the evidence to see if there was sufficient evidence on which to base the finding of lack of prejudice, but we call attention to what was therein said with reference to the third and last contention as follows:

"The finding of fact by the Commission 'that failure of claimant to give written notice to his employer of said aforementioned accidental injury should be excused for the reason respondent has not been prejudiced thereby' is supported by the evidence, and is likewise binding on this court."

This shows conclusively that the court did consider the evidence and holds that the finding complained of is supported thereby.

We see no reason for departing from the former holdings of this court on the question. There being no evidence whatever to support the finding that neither the employer nor insurance carrier was prejudiced by failure to give the notice, under the authorities cited, the order of the Commission awarding compensation must be, and is hereby, reversed and the cause is remanded to the State Industrial Commission, with directions to dismiss respondent's claim for compensation.

CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C.

J., and CLARK, V. C. J., dissent. HEFNER and KORNEGAY, JJ., absent, not participating.