## McMANN OIL & GAS CO. et al. v. GARRETT et al.

No. 22500.  Opinion Filed Dec. 8, 1931.

Rehearing Denied Feb. 9, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Madden & Hubbell, for respondent.

CULLISON, J. This is an original proceeding before this court to review an award of the State Industrial Commission made to Chester R. Garrett on May 22, 1931, which award is as follows:

"Order.

"* * * (1) That on June 25, 1930, the claimant, Chester R. Garrett, was in the employ of respondent herein and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of said employment claimant, on June 25, 1930, sustained an accidental personal injury, the nature of which was dilatation of the heart.

"(2) That following said injury, claimant worked from June 25, 1930, until July 9, 1930, when he was forced to quit work on account of said accidental injury, and has been from said date and was at the time of this hearing totally disabled from the performance of ordinary manual labor.

"(3) That for about 20 days during said period from July 9, 1930, to date of hearing, the claimant supervised the building of a power plant, an occupation which required no physical labor, for which he received the sum of $100.

"(4) That the average wage of claimant at the time of said injury was $8 per day.

"The Commission is of the opinion, by reason of aforementioned facts, that claimant is entitled to compensation from July 9, 1930, to May 18, 1931, less the statutory five days waiting period, being forty-four (44) weeks, at $18 per week, or the sum of $792, less the $100 above referred to, leaving a balance of $692, and continued thereafter weekly at $18 per week until otherwise ordered by the Commission, and also such reasonable medical expense as has been incurred by claimant on account of said injury.

"It is therefore ordered that within 15 days from this date, the respondent or insurance carrier herein pay the claimant, Chester R. Garrett, the sum of $692, as above set out, and any compensation remaining due from May 18, 1931, to date, and continuing thereafter weekly, at the rate of $18 per week, until otherwise ordered by this Commission, and also pay such reasonable medical expense as has been incurred by claimant by reason of said injury. * * *" (R. 71, 72.)

The petitioners urge as grounds for review of said award that the Commission

had no jurisdiction to make the order because the claimant failed to give the statutory notice of his injury and failed to show that the employer had not been prejudiced by the failure to give the notice.

Respondent in his brief in answer to petitioner's first proposition states that petitioner filed no answer before the Commission alleging lack of notice, and on page 5 of his brief makes the following statement: "The petitioner did not 'file any answer or object in writing setting up any defense, but contented themselves with the cross-examination of the claimant.' "

We have examined the record in said cause and find on page 5 thereof the answer of the respondent and insurance carrier, and paragraph 3 of said answer in substance states that as a further denial and defense to the claimant's claim respondent and insurance carrier allege that claimant did not give proper notice of his alleged injury within a reasonable time—therefore, their rights have been prejudiced.

We prefer to rely upon the statements in the record rather than the statement of counsel in their brief as to the contents of the record.

The record discloses that respondent was in the employ of the McMann Oil Company, June 25, 1930. Respondent claimed, while lifting on a heavy piece of timber, he slipped and injured himself, causing dilatation of the heart. Respondent continued to work until July 9, 1930. Respondent testified that in September or October, 1930, he told the superintendent of petitioner that he thought he would fill out a blank and send it in requesting compensation (R. 15), and, on January 28, 1931, respondent filed claim for compensation. After the date of injury claimed by respondent, he consulted his family physician, but never made any request on petitioner to furnish medical treatment, as shown by the record:

"Q. Did you ask your employers for permission to go to Dr. James in this case? A. No, sir. Q. Have you ever asked them to furnish you with medical attention? A. No, sir." (R. 15.)

The record, as outlined, shows that it was either three or four months from the date of the accident until respondent gave petitioner any notice whatsoever of the injury, and that it was seven months before he formally filed his claim.

Section 7292, C. O. S. 1921, reads as follows:

"Section 7292. — Notice — Requirements. Notice of an injury for which compensation is payable under this act shall be given to the Commission and to the employer within 30 days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by someone in his behalf. The notice shall be in writing, and contain the name and address of the employee, and state in ordinary language the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the Commission by sending it by mail, registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail by registered letter addressed to the employer at his or its last-known place of residence; provided, that if the employer be a partnership, then such notice may be given to any one of the partners, and if the employer be a corporation, then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred. The failure to give such notice, unless excused by the Commission, either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

Said section was passed upon by this court in the case of Oklahoma Natural Gas Corp. v. Baker, 148 Okla. 277, 298 P. 875, and in construing said section this court held (syllabus No. 2):

"Under section 7292, C. O. S. 1921, providing that notice of an injury for which compensation is payable under the Workmen's Compensation Act of Oklahoma shall be given to the employer within 30 days after injury, failure of the employee to give such notice will bar a claim for compensation under the act, unless the employee shall excuse such failure by affirmative proof that such notice could not have been given, or that his employer was not prejudiced thereby"

—and in the body of said opinion the court said:

"The question here presented has been before this court in several cases, and it is quite uniformly held in considering the provisions of section 7292, C. O. S. 1921, relative to the notice and the effect of failure to give same, that, unless it is shown that the employer had actual knowledge of the injury at the time thereof, the burden of proof is upon the employee or claimant to show (1) that for some sufficient reason the notice could not be given, or (2) that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

"The question of whether the insurance carrier or employer, as the case may be, has not been prejudiced by the failure to give the notice, is a question of fact to be

found by the Commission like any other question of fact, and its findings thereon are binding to the same extent as its findings upon any other question of fact.

"The question raised seems to be definitely settled in this state in favor of the petitioner in the following cases: Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, 1102; Fidelity Union Casualty Co. v. St. Indus. Commission, 130 Okla. 65, 265 P. 131, and Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038."

In the case of Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, this court, in discussing the question of notice under the section hereinbefore cited, held:

"The object of the notice obviously is to give the employer notice of the injury and surrounding circumstances in order that he may make an investigation with reference thereto. He should have such information to determine if the individual claiming was really an employee or such a person as could claim the benefit of the statute. Many large concerns employ transient laborers, and imposition might arise were this information not definite. He should be informed of the time and place in order that he may seek witnesses who were present or near to determine if the injury actually occurred there or at some time when the claimant was not engaged in his employment. It is not enough that claimant may say months later that no one else was present. The employer should have timely opportunity to investigate and see if the allegation is true. Had he been given an opportunity to show facts, he might be able to show that others were, in fact, present, or that the injury, in fact, occurred a distance from his plant and on the business or pleasure of the claimant. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case and claim the employer is not prejudiced because 'no one else was there.' The notice must also show the nature of the injury in order that the extent of the employer's liability may be determined by him or for him. It is also necessary that the cause be shown in order that the employer may determine if the hazardous employment was the cause or some fact or circumstance independent of the employment."

In the case at bar there is no finding by the Commission that the petitioners have not been prejudiced by the failure of respondent to give the required statutory notice, or that the notice could not be given, so as to come within the requirements of the holdings cited, supra.

Under the holdings of this court, it was necessary that respondent make a showing that he could not give the notice or that petitioners were not prejudiced because of the failure to give the required notice.

Having failed to give the prescribed notice within the statutory time, and having failed to bring himself within the conditions of the statute and decisions of this court, the failure of respondent to give the required notice and the failure of the Commission to make the required findings, and the failure of the evidence to support such constructive finding under the general award or order, are fatal to respondent's cause of action.

After a careful consideration of the record in said cause and the authorities thereon, we hold: That the Commission did not acquire jurisdiction to make a valid award in said cause.

The petition to vacate said award is granted and the award is vacated.

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and McNEILL, J., concur in the conclusion. CLARK, V. C. J., dissents.

---

On Rehearing.

PER CURIAM. Rehearing denied.

KORNEGAY, J. (dissenting). In this case an opinion was filed on the 8th of December, 1931. Under the opinion, both in the syllabus and in the body of the case, the decision is based on a failure of the claimant to serve written notice upon the employer of the injury. In the body of the opinion we find the following:

"The petitioners urge as grounds for review of said award that the Commission had no jurisdiction to make the order because the claimant failed to give the statutory notice of his injury and failed to show that the employer had not been prejudiced by the failure to give the notice.

"Respondent, in his brief in answer to petitioner's first proposition, states that petitioner filed no answer before the Commission alleging lack of notice, and, on page 5 of his brief makes the following statement: 'The petitioner did not "file any answer or object in writing setting up any defense, but contented themselves with the cross-examination of the claimant."'

"We have examined the record in said cause and find on page 5 thereof the answer of the respondent and insurance carrier and paragraph 3 of said answer, in substance, states that as a further denial and defense to the claimant's claim respondent and insurance carrier allege that claimant did not give proper notice of his alleged injury within a reasonable time,—therefore, their rights have been prejudiced.

"We prefer to rely upon the statements in the record rather than the statement of counsel in their brief as to the contents of the record.

"The record discloses that respondent was in the employ of the McMann Oil Company, June 25, 1930. Respondent claimed while lifting on a heavy piece of timber he slipped and injured himself causing dilatation of the heart. Respondent continued to work until July 9, 1930. Respondent testified that in September or October, 1930, he told the superintendent of petitioner that he thought he would fill out a blank and send it in, requesting compensation (R. 15), and, on January 28, 1931, respondent filed claim for compensation. After the date of injury claimed by respondent, he consulted his family physician, but never made any request on petitioner to furnish medical treatment, as shown by the record: 'Q. Did you ask your employers for permission to go to Dr. James in this case? A. No, sir. Q. Have you ever asked them to furnish you with medical attention? A. No, sir.' (R. 15).

"The record, as outlined, shows that it was either three or four months from the date of the accident until respondent gave petitioner any notice whatsoever of the injury,—and that it was seven months before he formally filed his claim."

Further along in the opinion, the following appears:

"In the case at bar there is no finding by the Commission that the petitioners have not been prejudiced by the failure of respondent to give the required statutory notice, or that the notice could not be given, so as to come within the requirements of the holdings cited, supra."

From page 5 of the opinion the following is taken:

"Having failed to give the prescribed notice within the statutory time, and having failed to bring himself within the conditons of the statute and decisions of this court, the failure of respondent to give the required notice and the failure of the Commission to make the required findings, and the failure of the evidence to support such constructive finding under the general award or order, are fatal to respondent's cause of action.

"After a careful consideration of the record in said cause and the authorities thereon we hold: That the Commission did not acquire jurisdiction to make a valid award in said cause."

A petition to rehear was filed, accompanied by an affidavit of one of the Commissioners in charge below, setting forth that the answer that appeared in the stenographer's notes to have been dictated, was never brought to his attention during the progress of the hearing.

In the original brief of the claimant, a line of cases was cited, showing the early rulings of this court on the subject of the necessity of notice of the injury, and showing various instances wherein the notice was dispensed with, either by waiver or failure to call attention to the lack of it, or by reason of things done or omitted that showed a waiver. The present case, however, marks but another milestone in a recent trend of this court to depart from its former rulings. We are now reaching the stage where the workman is held to the strictest accountability in matters of procedure, in marked contrast to former decisions, that bespeak the liberality in construction and conclusion prescribed by the Workmen's Compensation Law.

The opinion in this case holds that the giving of this notice is jurisdictonal. Now and then, in the former decisions of this court in administering industrial law, an occasional case can be found wherein a deserving laborer was denied compensation for an injury on technical grounds. None, however, have reached the stage that we are now going through. Heretofore such a case could properly be termed "exotic," though at this time there is a tendency for it to become "systemic."

There could be no doubt, in view of the affidavit of the Commissioner, that what appears to have been dictated to the stenographer was not called to his attention, either directly by virtue of the dictation, or inferentially by the course of examination. Nowhere in this examination does it show that the attorney who was examining the witness seriously insisted upon the proposition of the lack of written notice being a bar to the action of the claimant. It is true that he asked the claimant if he served the written notice and the claimant told him "no," that he had been hurt once before and the company gave the notice at that time, and so far as the claimant was concerned, he was not aware of the extent of his own injury, and thought he would soon get well, and neither was he advised that the injury received was the subject-matter of compensation.

From an examnation of the testimony, it is clear that the associates of the claimant knew of the accident and its effect upon him at the time. It is further clear that immediately after the accident, in the employ of the same company, he was not continued at this heavy manual labor, but was assigned to a superintending job over a power house construction. The evidence is clear that he worked at that and got no better, and on the 9th of July, the accident having occurred on the 25th of June, he went to a doctor, and on his advice quit work. A dilated condition of his heart was found to

exist, and the doctor made him quit work, and he did not recover, and shortly afterwards the question came up about the injury coming within the provisions of the Workmen's Compensation Law, and he then applied to the company for blanks and gave notice to some of the head men, followed later by filing a formal claim with the Industrial Commission.

The trend of the rulings is practically conceded in this case in the response of the petitioners to the petition for rehearing. On page 5 of that response we have the following:

"This court in several cases has held that if the question of no notice is not raised at the hearing, and no evidence is introduced on the question, then, of course, the lack of notice is waived. However, these same cases indicate that it is not necessary for a written answer to be filed to raise the question, but that where it is raised before the hearing, and evidence is introduced on that issue as was done in this case, then the question is properly raised and will be determined by this court on appeal."

Reliance then is placed upon the answer, which on its face appears to be a series of what the old style pleaders called "negatives pregnant." From an inspection of the answers one cannot say whether they rely upon no notice or upon insufficient notice, the answer being set out in the opinion, and the opinion going upon the proposition that this answer determined the matter, though evidently so little reference was made to and defense made on it that the Commissioner hearing the case did not know it was there.

A review of the testimony is convincing to the writer that nobody paid any attention to the matter of notice, and the Commission, when it made a finding that the claimant was entitled to his compensation, necessarily found that all conditions precedent to justifying such an award were fulfilled. This is the usual doctrine as applied to courts. As the old-time lawyer knew it, it was the doctrine of "aider by verdict," as we had it in legal practice on the Indian Territory side of the state prior to its admission into the Union.

The suggestion was made in the petition for rehearing that a statement to the stenographer was not the written answer required by the rules of the Industrial Commission. Time and again this court has held that the failure to call the attention of the Commission to the defense of lack of notice, followed by an award in favor of claimant, would prevent the carrier reversing it in this court.

The effect of the present opinion is to deprive the laborer of his pay upon a bare technicality that appears to have no foundation in fact. I think, unquestionably, when the employer put the man at lighter work, that all parties recognized that he did not have the same physical ability that he had before, and that everybody was on inquiry as to the subject at once. I think, furthermore, when the long-time employees of the company, the associates of the man, noticed the effect on the man of the accidental injury at the time it occurred, and this was followed by a change by the company of the kind of work he was then doing, and putting him on a superintending job, that there were circumstances strongly indicating that knowledge of the accident was brought home to the company, though all parties were hoping that the results would not be serious.

Evidently the spirit of the Workmen's Compensation Law is that the Commission is an administrative board, and that technicalities that might be raised in court procedure, or suggested by language at times in court decisions, should not be used to deprive a deserving worker of his right to compensation, which is given to him by the law and the contract of the insurance carrier.

In order to deprive this workman of his compensation, it is necessary to depart from the old line of decisions and strike out anew on fresh fields. It has been declared time and again that this notice was not jurisdictional. Most clearly this decision is not in line with former decisions, and with general principles, or the plain provisions of the statutes. There are two express statutes that are applicable. One is the presumptive statute that is put in the Workmen's Compensation Law. The general scope of the act, however, carries all the way through the idea that the technicalities of court procedure should not be used in the administrative matters that come before the Commission. The statute contained in the Workmen's Compensation Law is section 7295, C. O. S. 1921, and is as follows:

"Sec. 7295. Certain Presumptions in Absence of Evidence. In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act.

"2. That sufficient notice thereof was given.

"3. That the injury was not occasioned by the willful intention of the injured em-

ployee to being about the injury of himself or of another.

"4. That the injury did not result solely from the intoxication of the injured employee while on duty.

"5. That the injury did not result directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the Labor Commission."

Aside from this is the provision that is contained in the 1923 Laws on the subject of the continuing jurisdiction and power of the Commission, section 7325, which, as amended, is as follows:

"Sec. 7325. Amendment of Order—Continuing Jurisdiction. The power and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modifications or changes with respect to former findings or orders, relating thereto, if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expense of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission, provided there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

Under this section, at any time, on the Commission's attention being called to the matter of the defense of legal notice of the injury, it has full authority to make a special finding excusing the lack of notice. The opinion denies this right and thereby denies compensation in a deserving case covered by the act.

The general statute with reference to the duties of this court in reviewing cases is section 2822, C. O. S. 1921, and is as follows:

"2822. Harmless Error. No judgment shall be set aside or new trial granted by any appellate court of this state, in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record. it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

On general principles of right and under statutory provisions, since I have more closely examined the record in this case, I am satisfied that a wrong has been committed by the decision in this case. I think a rehearing should be granted, and I therefore register this dissent from the action of the court in refusing a rehearing on the showing made.

I am authorized to state that Chief Justice LESTER, Vice Chief Justice CLARK, and Justice McNEILL, concur in the foregoing.

Note.—See under (1) annotation in L. R. A. 1916A, 86; L. R. A. 1917D 138, 139; L. R. A. 1918E, 559, 562; 28 R. C. L. 825, 826; R. C. L. Perm. Supp. p. 6249; R. C. L. Pocket Part, title Workmen's Compensation, § 113.