## WIRT FRANKLIN PETROLEUM CORP. et al. v. WILSON et al.

No. 23983. Opinion Filed June 20, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Robert H. Warren, for respondent Gardner Wilson.

CULLISON, J. This is an original proceeding to review an award of the State Industrial Commission rendered on July 28, 1932, in favor of Gardner Wilson. The Commission found that claimant was in the employ of petitioners, and that while engaged in a hazardous occupation he received an accidental injury to his right eye. The Commission further found that claimant had suffered 25 per cent. permanent partial disability in his right eye; that he had suffered the complete loss of his left eye in an injury some three years previous and in no wise connected with the case at bar; and made an award to claimant, under section 7290, C. O. S. 1921, on a basis of 500 weeks. There is no finding in the award that notice was given to petitioners or a finding excusing claimant from giving notice.

Petitioners appeal to this court from said award, and contend:

"The Commission had no jurisdiction to make the order because the claimant failed to give the statutory notice of injury and failed to show that the employer had not been prejudiced by the failure to give the notice, and for the further reason that the Commission failed to make any finding excusing the failure to give the notice."

Claimant testified that he received an injury on September 6, 1929. A person by the name of Pierce was employed by petitioners to dig a hole in which to place a gasoline tank. Pierce procured claimant to aid in digging the hole. It took slightly over two days to dig the hole, and claimant claims that while at work the second day he was hit in the eye by a piece of gravel. He continued to work until the excavating was done and never made any mention thereof to petitioners. He never made any mention of the injury, neither did he give written notice to either of petitioners in said case, within 30 days. He testified that, more than two weeks after the injury, which occurred at Smithville, he was at Broken Bow and went by a certain station of petitioners and asked to see the boss. On being told that the boss of the station was away, he told some person around the station that he had received an injury to his eye and wanted medical attention for the same. But he further testified that he did not know whether the person to whom he spoke was in the employ of petitioners or not. This is the only attempt made to give notice as shown by the record.

The Commission did not make a finding relative to notice, either being given or excusing the failure to give the same. Section 7292, C. O. S. 1921, is our statutory provision relative to the giving of notice. Said section has been considered by this court and construed on numerous occasions.

In the case of Ford Motor Co. v. Hunt et al., 146 Okla. 105, 293 P. 1038, the court held:

"Under section 7292, C. O. S. 1921, providing that notice of an injury for which compensation is payable under the Workmen's Compensation Act of Oklahoma shall be given to the employer within 30 days after injury, failure of the employee to give such notice will bar a claim for compensation under the act, unless the employee shall excuse such failure by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby."

Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence should show information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment, or information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power, otherwise there is no evidence upon which to base an excuse by the Commission of failure to give the statutory written notice or to show that the employer was not prejudiced. Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353, McMann Oil & Gas Co. v. Garrett, 155 Okla. 76, 7 P. (2d) 686, Trigg Drilling Co. v. Thomas, 160 Okla. 85, 15 P. (2d) 985, Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. (2d) 556, and Coline Oil Corp. v. Vaughn, 157 Okla. 101, 11 P. (2d) 121.

We observe in the case at bar that the Commission did not make a finding regarding notice, even though said question was a controverted question in said cause. Under the holdings of this court, if there was competent evidence to sustain such an award, the case would be reversed and sent back for further proceedings (Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435); but the evidence introduced in said cause does not show any competent evidence relieving claimant from the giving of the notice prescribed by the statute and required by the decisions of this court. Neither is the testimony such as to bring the case within the exceptions provided in cases of this kind.

Claimant having failed to comply with the provisions of the statute or to bring himself within the provisions of the decisions of this court relative to the failure to give notice, the petition to vacate is granted and the cause remanded for further proceedings.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.