## PRAIRIE OIL & GAS CO. et al. v. MELTON et al.

No. 22230.  Opinion Filed Nov. 17, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Cooke & McBride and A. L. Jeffrey, for respondents.

HEFNER, J.  This is an original proceeding in this court by Prairie Oil & Gas Company and Century Indemnity Company to review an award of the Industrial Commission awarding compensation to J. L. Melton. Claimant alleges that he sustained injuries to his eyes and ears while in the employ of petitioners, Prairie Oil & Gas Company. The Commission found that he sustained a 40 per cent. loss of hearing in both ears and awarded him the sum of $1,200 and ordered payment thereof in a lump sum. No allowance was made claimant for injury to his eyes.

Petitioners first contend that the evidence is insufficient to sustain the award. Claimant in substance testified to the following facts: On May 17, 1930, he was working for the Prairie Oil & Gas Company at a

water station. On that day an oil well owned by the oil company "went wild." He was directed by the production superintendent to work at the wild well and assist in bringing it under control. That while engaged in this work, escaping oil and gas injured his eyes and ears. That prior to that time his eyesight and hearing were normal, but since that time his vision and hearing have been considerably impaired. Physicians testified that claimant sustained a loss of hearing in both ears and that in their opinion this condition may have resulted from the escaping oil and gas. The doctors do not agree as to the percentage of impairment claimant sustained to his ears. Their evidence ranges from 25 to 50 per cent. impairment. The Commission found that claimant sustained a 40 per cent. loss of hearing in both ears. In our opinion the evidence is sufficient to sustain this finding.

Claimant did not give written notice to his employer of his alleged injury within 30 days as provided by section 7292, C. O. S. 1921. Petitioners contend that his claim for compensation is, for this reason, barred. We do not agree with this contention. The evidence discloses that his employer, Prairie Oil & Gas Company, had actual notice that he claimed to have sustained injuries to his eyes and ears while working at the wild well and petitioners offered no evidence tending to establish that they were prejudiced because of his failure to serve written notice upon them.

On the question of actual notice, claimant in substance testified that he sustained an injury to his ears and eyes while working around the wild well. He notified S. L. McMahon, labor foreman, as to this condition and was advised by him to notify the timekeeper thereof, and Mr. McMahon thereafter placed him at other work. He further testified that immediately thereafter he complained to Mr. Aldridge, timekeeper for petitioner, oil company, about his eyes and ears and requested that a slip be issued him authorizing him to consult a doctor and have his eyes and ears examined and treated. To this request Mr. Aldridge replied, "Go on back to work; you will get all right after a while." Claimant further testified that the timekeeper was the official designated by the oil company upon whom employees receiving injuries should serve notice.

S. L. McMahon in substance testified that he was working for petitioner, Prairie Oil & Gas Company, as labor foreman at the time claimant claimed to have sustained his injuries. Claimant was working under him and was directed to work around the wild well. After working several days at this well claimant informed him that he had received injuries to his eyes and ears and was "blowed up." Mr. McMahon observed that claimant's eyes were red, swollen, and inflamed and directed him to Mr. Aldridge, timekeeper for the oil company, for medical attention. Mr. McMahon further testified that he was directed by the construction superintendent to direct all injured employees to notify the timekeeper of such injuries. He also testified that such superintendent well knew that claimant had sustained an injury while working at the wild well. We think this evidence sufficient to establish the fact that the Prairie Oil & Gas Company had actual knowledge that claimant claimed to have sustained an injury to his eyes and ears while working around the wild well. There can be no question that Mr. McMahon, the labor foreman, had actual knowledge thereof and, under his testimony, the construction superintendent likewise had actual knowledge thereof, and in our opinion no other inference can be drawn from the evidence except that Aldridge, timekeeper for the oil company, also had actual knowledge thereof. This being true, the burden was upon petitioners to show that they were prejudiced because of the failure of claimant to give written notice of his injuries as provided by statute. They fail to meet this burden. Claimant's claim for compensation is therefore not barred. Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438; Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., dissenting.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116. (2) L. R. A. 1916A, 86; L. R. A. 1917D, 139; L. R. A. 1918E, 562; 28 R. C. L. 825.