## INDIAN TERRITORY ILLUMINATING OIL CO. v. STONE et al.

No. 23112. Opinion Filed July 27, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

A. H. Meyer, for respondents.

HEFNER, J. This is an original proceeding by the Indian Territory Illuminating Oil Company in this court to review an order of the Industrial Commission awarding compensation to Ray Stone.

The claimant alleges that he sustained an injury to his ears while in the employ of petitioner caused by noise and roaring of a wild oil well. The Commission found that claimant sustained the injury as alleged, and that as a result thereof had a partial loss of hearing in both ears and awarded him compensation therefor in the sum of $1,500, and also awarded him additional compensation of $14.10 for temporary total disability from March 2, to March 12, 1931.

Petitioner contends that the award should be vacated for the reason that claimant failed to give written notice within 30 days of his injury, as provided by section 7292, C. O. S. 1921 [O. S. 1931, sec. 13358]. It is admitted that no such notice was given. The Commission, however, found that petitioner had actual notice of the injury, and that it suffered no prejudice by reason of the failure of claimant to give written notice. Claimant testified that he notified petitioner's foreman of his injury within two days after it occurred. Petitioner admits that claimant so testified, but urges that this court should not consider his testimony, for the reason the same has been impeached and is unreasonable and unbelievable. This court has no authority to weigh the evidence and pass upon the credibility of the witnesses. The Commission found that petitioner had actual notice of claimant's injury and, there being some evidence to sustain this finding, we are bound thereby.

Petitioner received actual notice of the injury, and the burden of procedure shifted to it to show prejudice because of the failure of claimant to serve written notice as provided by statute. Prairie Oil & Gas Co. v. Melton, 153 Okla. 114, 3 P. (2d) 229. Petitioner failed to show prejudice because of the failure of claimant to serve such notice, and claimant's claim is not barred by reason thereof.

Petitioner next contends that the injury complained of does not constitute an accidental injury within the meaning of the Workmen's Compensation Act. It is its contention that no accident brought about the injury, but that the same was due to the nature of the occupation, or, in other words, was an occupational disease. We do not agree with this contention. Claimant was working near the oil well when control thereof was lost and it went wild. This court, in the case of U. S. Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, held that in order that compensation might be awarded an employee for personal injury, such injury must be an accidental injury as distinguished from an occupational disease. In that case the court said "an accident means some unexpected event happening without design, the time of which can be fixed." We think in the instant case the loss of the control of the well and the wild flow thereof constitute some unexpected happening or event without design and that the time the injury was sustained by reason thereof can be definitely fixed. Claimant testified that when the well began to flow wild he could hear a noise and roaring in his ears and that such noise immediately affected them. Dr. Guthrie testified that he had examined plaintiff and found that he had sustained a permanent loss of hearing in his left ear and 23½ per cent. of hearing in his right ear, and in his opinion this condition was due to the noise and vibration from the wild well. We think this evidence sufficiently establishes that claimant's injury is due to an accident.

A recovery for loss of hearing under similar circumstances was sustained by this court in the case of Prairie Oil & Gas Co. v. Melton, supra.

The petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, and KORNEGAY, JJ., concur. RILEY, ANDREWS, and McNEILL, JJ., absent.