## TRIGG DRILLING CO. et al. v. THOMAS et al.

No. 22730.   Opinion Filed Nov. 1, 1932.

Clayton B. Pierce, Fred M. Mock, and A. M. Covington, for petitioners.

R. H. Morgan, for respondent W. A. Thomas.

CULLISON, J.   This is an original action before this court to review an award of the State Industrial Commission made and entered July 20, 1931, in favor of W. A. Thomas, claimant herein.

The record discloses that this claimant was first employed by the petitioner J. E. Trigg on June 13, 1930, as an extra man to assist in rigging a rotary rig.  On June 23, 1930, this work was completed and claimant was laid off and paid in full for this service, along with the others similarly employed.  Claimant filed with the State Industrial Commission on March 13, 1931 (some nine months thereafter), "employee's first notice of injury and claim for compensation," and alleged therein that on the last day of his aforesaid employment by petitioner he sustained a hernia when two fellow workmen dropped their end of a timber which he was helping carry.  Claimant testified that within two weeks after the alleged injury he went to a doctor in Capitol Hill, but that he was unable to give either the doctor's name or address.  On recross-examination, claimant, in answer to a question as to whether or not any notice had been given any one connected with the Trigg Drilling Company within 30 days after this alleged injury happened, testified that he had not given such notice.  Said testimony appears as follows:

"Q.  You never did give notice to anybody connected with the Trigg Drilling Company within 30 days after this injury happened? A.  I didn't know who to give it to.  Q. Answer the question.  A.  No."

The record further shows that this claimant was intelligent and that he could read and write.  It further appears that this claimant had been employed by other companies in the oil fields for sometime, having worked for the Hughes Drilling Company and the Capitol Drilling Company.

In reply to this claimant's claim for compensation, the petitioners herein filed an answer, denying the allegation of an injury for which they would be liable to claimant for compensation; denying any subsequent disability resulting therefrom for which they would be liable to claimant for compensation; and affirmatively alleged that notice was not given within a reasonable time after the alleged accident and that their rights had been prejudiced thereby.

Hearings were held before the State Industrial Commission on June 8 and June 16, 1931, and on July 20, 1931, the Commission entered its award, which is made the subject of this proceeding to review.  Said award recited:

"Finding No. 4.

"That the respondent was not taken by surprise nor their rights in any manner prejudiced by delay on the part of claimant in reporting the said accidental injury."

Said award then ordered petitioners to pay claimant compensation at the rate of $18 per week for a period of eight weeks, or a total sum of $144, on account of hernia found to have been sustained by claimant while in employ of petitioner J. E. Trigg, together with the cost of an operation for the correction of the aforesaid double hernia.

In due time, petitioners commenced this action in this court, alleging five errors, which are comprehended under the following proposition:

Proposition No. 1.

"No proper notice of the alleged injury having been given the petitioners within 30 days, under section 7292, O. O. S. 1921, the Commission erred in making an award for compensation based on a finding that the petitioners were not prejudiced thereby, in the absence of any testimony whatsoever to the effect that the petitioners were not so prejudiced."

Section 7292, C. O. S. 1921 [O. S. 1931, sec. 13358], the statute involved in this case, reads as follows:

"Section 7292—Notice—Requirements. — Notice of an injury for which compensation is payable under this act shall be given to the Commission and to the employer within 30 days after injury. Such notice may be given by any person claiming to be entitled to compensation, or by someone in his behalf. The notice shall be in writing, and contain the name and address of the employee, and state, in ordinary language, the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. It shall be given to the Commission by sending it by mail, by registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last-known place of residence; provided, that if the employer be a partnership, then such notice may be given to any one of the partners, and if the employer be a corporation, then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred. The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

In view of the specific finding by the Commission, supra, that: (1) There was a delay in notifying the employer and insurance carrier, and (2) that proper notice was not given, then the only question involved in this action is whether or not the Commission erred in excusing the failure to give such notice for the reason that the employer and insurance carrier were not prejudiced thereby.

In numerous cases this court has been called upon to deal with the question of prejudice under section 7292, C. O. S. 1921 [O. S. 1931, sec. 13358], and the decisions uniformly hold that the failure to give proper notice under the statute places the burden upon the claimant to affirmatively show that no prejudice has resulted. In the case of Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, this court, speaking through Justice Warren, passed upon a similar state of facts, as follows:

"It is the contention of the plaintiffs in error that the failure of the claimant to give his employer notice in 30 days is a bar to any recovery under his claim in this case. This is for the reason they contend that the burden of showing that notice could not have been given, or that the employer was not prejudiced by such failure, is on the claimant, and that he has not met such burden in this case.

"The latter part of the section which pertains to the penalty for failure to give notice, being transposed as to its clauses to make its meaning clear, would read as follows: The failure to give such notice shall be a bar to any claim under this act, unless excused by the Commission on the ground (1) that notice for some sufficient reason could not have been given, or (2) on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

"This means that the failure to give notice is a dereliction of the claimant which shall bar him unless he can avoid, or explain, or excuse his dereliction by showing one of the two valid excuses specified by the statute. It undoubtedly places the burden upon the claimant to excuse his fault, and makes no attempt to burden the employer. It is evident that this must be the meaning, for both reasons are 'excuses' and are on a par. It would be impossible for the employer to show that notice could not have been given, and the showing of prejudice is in the same category. * * *

"To our minds the language of the statute is susceptible of no other construction. The statute recognizes that, where a claim is to be met, timely notice should be given

in order that the employer may investigate the validity of the claim, but also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time, and did in fact make an investigation, or had all opportunity to do so, this would certainly show no prejudice; but the burden of excusing the failure must be on the claimant. * * *

"This brings us to the question as to whether or not there was any evidence supporting the finding that the employer in this case was not prejudiced. There is none unless, as defendant in error contends, the fact that a physician was secured within the 30-day period constituted such evidence.

"What information would have been conveyed by such notice? The statute requires that it shall be in writing and shall contain the name and address of the employee, and state the time, place, nature, and cause of the injury. The object of the notice obviously is to give the employer notice of the injury and surrounding circumstances in order that he may make an investigation with reference thereto. He should have such information to determine if the individual claiming was really an employee or such a person as could claim the benefit of the statute. Many large concerns employ transient laborers, and imposition might arise were this information not definite. He should be informed of the time and place in order that he may seek witnesses who were present or near to determine if the injury actually occurred there or at some time when the claimant was not engaged in his employment. It is not enough that claimant may say months later that no one else was present. The employer should have timely opportunity to investigate and see if the allegation is true. Had he been given an opportunity to show facts he might be able to show that others were in fact present, or that the injury, in fact, occurred a distance from his plant and on the business or pleasure of the claimant. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case and claim the employer is not prejudiced because 'no one else was there.' The notice must also show the nature of the injury in order that the extent of the employer's liability may be determined by him or for him. It is also necessary that the cause be shown in order that the employer may determine if the hazardous employment was the cause or some fact or circumstance independent of the employment.

"A finding of fact by the Commission to the effect that the employer is not prej-

udiced must excuse it on the ground that he was not prejudiced by lack of knowledge of name and address, time, place, nature, and cause of the injury. These are statutory requirements of the notice, and, if there was prejudice because of lack of information as to any one of them, the failure to give notice would constitute a bar to the claim.

"The mere fact that claimant consulted a physician in two or three weeks after the accident in no way supports a finding that the employer was not prejudiced. It is not within the requirements of the notice, and there is nothing in its nature that will assist the employer in defending against the claim. There might be a possible lessening of the extent or duration of the injury, but this would be the natural duty of the claimant, and is not contemplated by the notice."

It will be observed that the above decision of this court holds that the claimant who fails to give the proper notice within the statutory time of an injury must affirmatively show to the Commission that the respondent and insurance carrier have not been prejudiced by the delay. The burden of proof in such a situation is placed upon the claimant.

A careful consideration of the record in the case at bar fails to disclose any evidence tending to affirmatively show lack of prejudice. On the other hand, it does show that nine months elapsed between the date of the alleged injury and its being reported to the employer. When it was finally reported, all those employees who had worked with this claimant that could still be located were produced, and none of these were able to recall anything concerning such an injury. Claimant failed to produce any of the men with whom he alleged he was working when injured, and was unable to produce the doctor whom he alleges he consulted two weeks thereafter. The testimony of claimant stands alone, uncorroborated, and definitely denied by every other person available at the time claimant filed his notice with the Commission, nine months after the alleged injury.

In the case of Oklahoma Natural Gas Corporation v. Baker, 148 Okla. 277, 298 P. 875, this court had under consideration a case wherein claimant had not given the employer notice until five months after the alleged injury. In that case this court. speaking through Justice Riley, said:

"The question here present has been before this court in several cases, and it is quite uniformly held in considering the provisions of section 7292, C. O. S. 1921, rela-

tive to the notice and the effect of failure to give same, that, unless it is shown that the employer had actual knowledge of the injury at the time thereof, the burden of proof is upon the employee or claimant to show (1) that for some sufficient reason the notice could not be given, or (2) that the insurance carrier or employer, as the case may be, has not been prejudiced thereby.

"The question of whether the insurance carrier or employer, as the case may be, has not been prejudiced by the failure to give the notice, is a question of fact to be found by the Commission like any other question of fact, and its findings thereon are binding to the same extent as its findings upon any other question of fact.

"The question raised seems to be definitely settled in this state in favor of the petitioner in the following cases: Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, 1102; Fidelity Union Casualty Co. v. St. Indus. Commission, 130 Okla. 65, 265 P. 131, and Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038."

After a careful consideration of this case, we are of the opinion, and hold, that the record discloses an entire absence of proof that the employer and insurance carrier were not prejudiced by reason of the failure of the employee to give notice, and the finding of fact to the contrary by the Commission is therefore error.

The order of the Commission is reversed and remanded, with directions to dismiss.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents.