## TEXAS CO. et al. v. COMBS et al.

No. 23632. Opinion Filed Dec. 13, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

John T. Levergood, for respondent Millard J. Combs.

CULLISON, J. This is an original proceeding in this court to review an award and order of the State Industrial Commission made and entered April 23, 1932, in favor of Millard J. Combs, claimant herein.

The record discloses that claimant was injured on January 26, 1931, by reason of an injury to the base of his skull, and that claimant made no report of his injury, but continued to work until February 28, 1931, at which time he was forced to quit work by reason of said injury. That his superintendent, Mr. Brennan, visited him the following day and advised that he rest. That claimant was examined March 4, 1931, by Dr. Elliot, who took a history of the case from both the claimant and his relatives, and took X-ray pictures of claimant showing his condition as that of certain vertebrae at the base of the skull being dislocated and causing pressure on the nerves. Dr. Elliot testified that at that date, some

87 days after the injury, claimant was insane and had been in that condition for a month or six weeks. The record further shows that claimant was adjudged insane and confined in the asylum at Norman.

On April 23, 1932, the Industrial Commission entered its award in favor of claimant, finding that by reason of the injury claimant was rendered mentally temporarily totally incompetent to perform ordinary manual labor from March 1, 1931, to May 1, 1931, or eight weeks beyond the five days waiting period, and ordered petitioner to pay claimant compensation therefor in the amount of $144.

The Commission also found that by reason of said injury claimant was rendered incompetent, and for that reason the employer and its insurance carrier were not prejudiced by reason of the failure of the claimant to give the Commission and the employer notice within 30 days after the injury, as required under section 7292 C. O. S. 1921 [O. S. 1931, sec. 13358].

It is the contention of petitioners that there is no evidence in the record to support the finding last referred to.

Section 7334, C. O. S. 1921 [O. S. 1931, sec. 13399] provides that no limitation of time provided in the Workmen's Compensation Act shall run as against any person who is mentally incompetent so long as he has no committee, guardian, or next friend.

The record discloses that the claimant, together with Dr. Elliot, who testified in his behalf, were the only witnesses heard by the Commission. Claimant testified that he did not seem to know where his trouble centralized, nor that the accident was the cause of it, until March 4, 1931. Dr. Elliot testified that due to the accident the claimant was insane on that date and had been insane for possibly six weeks prior to that time. We observe that the period of six weeks covers the time between the injury and the discovery of the resulting insanity. We further observe that claimant was in the employ of petitioner during that time and under their observation; that petitioner knew as much about the extent of the injury as the claimant. The record further shows that claimant officially notified Mr. Kincade, chief clerk of the Texas Company, shortly after claimant went back on the job on May 1st, and that he filed with the Commission his claim on November 14, 1931, within a year after said notice.

After a careful consideration of the testimony taken as a whole, and the law applicable thereto, we are of the opinion and hold that the record contains sufficient competent evidence reasonably tending to support the finding complained of, and under the uniform holding of this court an award based upon such a finding will not be disturbed by this court on review. Nash Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633.

Petitioners contend, lastly, that there is no evidence to support the finding that claimant was totally disabled due to an accidental person injury, between March 1, and May 1, 1931, as allowed by the Commission. After taking judicial notice of the adjudication of claimant's insanity, the only legitimate inference that could be drawn therefrom is properly expressed in the Commission's finding that claimant was mentally temporarily totally incompetent to perform ordinary manual labor. We feel the contention is without merit.

The award of the State Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1) 28 R. C. L. 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.