## BRYANT v. OKLAHOMA GAS & ELEC. CO. et al.

No. 24356. Feb. 6, 1934.

Rehearing Denied Feb. 27, 1934.

A. Wayne Wadlington, for petitioner.

S. N. Bunch and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the claimant before the State Industrial Commission to review an order denying the claimant's claim for compensation. The petitioner herein will be referred to as the claimant, the Oklahoma Gas & Electric Company as the respondent, and the Fidelity & Casualty Company as the insurance carrier.

The claimant filed his first notice of injury and claim for compensation with the Commission on April 6, 1931. He alleged that he had sustained an accident on May 5, 1930, while working for the respondent, and that he "strained while lifting pole out, caused acute dilation of heart and loss of compensation, a strain which has caused permanent disability."

The State Industrial Commission sent the respondent an employer's first notice of injury with request to fill out and return same to the Commission. The blank was returned to the Commission with a letter stating that none of its employees or officers knew of any accident to the claimant which might have arisen out of and in the course of his

employment with it. It was stated therein that neither the claimant nor anyone in 'iis behalf had given the respondent any notice of injury. A hearing was had on August 17, 1931, at which time the respondent filed its answer in which it denied each and every allegation in the claimant's claim and also raised the question of notice. The State Industrial Commission entered its order, finding, in part:

"The Commission finds from the evidence introduced herein, that the claimant failed to give the respondent actual or written notice of said accidental injury, and by reason thereof the respondent prejudiced by the failure to give said notice.

"The Commission is of the opinion: Upon consideration thereof, that the claimant's claim for compensation should be denied.

"It is therefore ordered: That the claimant's claim for compensation be and the same is hereby denied."

The claimant asks that that finding and order of the Commission be reviewed and set aside. He contends that actual notice was given to the respondent "by reporting his injury and sickness to his foreman, and said company had had notice as was shown by the foreman of said company sending the petitioner home in a company car or truck." The record does not support that contention.

The claimant contends that in case the notice should be held by the court to be not sufficient, he should be excused from giving any written notice under section 13399, O. S. 1931, on the grounds that he was mentally and physically incapacitated by his injuries for a period of about nine weeks and was utterly unable to give any written notice, and that the failure to give written notice did not prejudice the rights of the respondent in any manner.

The record does not bear out the contention that the claimant was so mentally incapacitated as to prevent him from giving the notice required by law; neither did the claimant testify that such was the reason. None of the physicians who attended the claimant during his sickness testified or even inferred that the claimant was mentally incompetent during his confinement, but did show to the contrary. In support of the contention that the statute of limitations did not run against him because of his mental incapacity, the claimant cites Texas Co. v. Combs, 161 Okla. 30, 16 P. (2d) 1065. That case is not in point. In that case the mentality of the claimant was an issue in the case and presented to the Commission and a finding by the Commission supported by medical testimony. There was a finding that the claimant had been insane from the time of his injury.

The claimant contends that since the question of notice was made an issue by the respondent's answer, it was the duty of the Commission to make a finding of fact on that issue, and for its failure to do so, the order of the Commission should be set aside. This court held in Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177, that such a finding by the Commission was necessary and such a finding by the Commission was made in the instant case as shown by the record and quoted above.

The claimant contends "that the Commission erred in finding that said respondent had been prejudiced by the alleged failure of the claimant to give said notice." The claimant contends that there was no evidence showing that the respondent was prejudiced by the failure to give the required notice, and cites in support of his contention Indian Territory Illuminating Oil Co. v. Sharver, 157 Okla. 117, 11 P. (2d) 187, and Indian Territory Illuminating Oil Co. v. Stone, 158 Okla. 262, 13 P. (2d) 579. Those cases are not in point. Both cases are based upon the fact that the employer had actual notice, in which event the burden of showing prejudice because of failure to give the written notice required by statute is placed upon the employer. In the instant case the testimony shows conclusively that the respondent received neither actual nor written notice, and the Commission so found as a matter of fact. The burden was upon the claimant to show that timely notice could not have been given, or that the respondent was not prejudiced by failure to give such notice. Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; Skelly Oil Co. v. Johnson, supra; Trigg Drilling Co. v. Thomas, 160 Okla. 85. 15 P. (2d) 985; Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353. In the latter case this court said:

"It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case, and claim that the employer is not prejudiced because of not having received the required notice and had an opportunity to make investigation at or near the time of the injury."

The order of the State Industrial Commission disallowing compensation to the claimant is hereby affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.