## HINDERLITER TOOL CO. v. SNYDER et al.

No. 23376.   Opinion Filed Feb. 7, 1933.

Rehearing Denied April 4, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

F. O. Cavitt, for respondent.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant.

The portion of the findings of the State Industrial Commission attacked herein is that the petitioner, "* * * through its duly authorized agents had actual knowledge of said injury within a week thereof and that any lack of formal written notice has not resulted in any prejudice to the respondent herein."

The petitioners contend that notice was not given by the claimant as provided by law and that the Commission was without authority under the evidence to find that the lack of notice had not resulted in prejudice to the petitioners.

It is not contended that the claimant gave any such notice of his alleged injury as is required by the provisions of section 13358, O. S. 1931 (section 7292, C. O. S. 1921). No notice in writing was given to the employer. The only notice given to the manager was a verbal notice six months after the accident occurred and after the claimant had been laid off on account of lack of work. The claimant testified that he notified the foreman at the time of the accident.

Section 13358, supra, provides that the failure of the employee to give the notice required therein will bar a claim for compensation under the act, unless the employee shall excuse such failure by affirmative proof that such notice could not have been given, or that his employer was not prejudiced thereby. There was no affirmative proof that such notice as required by law could not have been given. The claimant remained in the employ of the petitioner for some months after the alleged injury occurred and he had ample opportunity to give the notice. Neither was there any proof that the employer was not prejudiced by the failure to give the notice.

In Velie Mines Corp. v. Rogers et al., 150 Okla. 185, 1 P. (2d) 353, this court said:

"It is essential that an employer must have notice of the injury of a claimant within 30 days, and such requirement ought not to * * * be dispensed with as a matter of course whenever there has been a failure to serve such notice. From the fact that the Legislature has required such notice to be given, the presumption naturally arises that the opportunity for prompt investigation of an alleged injury is one of value. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case, and claim that the employer is not prejudiced because of not having received the required notice and had an opportunity to make investigation at or near the time of the injury."

Under the authority of that decision, we hold that the award of the State Industrial Commission should be vacated.

The Legislature has seen fit to enact as a part of the Workmen's Compensation Act of the state of Oklahoma section 13358, supra. The claimant was charged with

knowledge that he, or someone in his behalf, was required to give notice in writing of any injury for which compensation would be claimed to the State Industrial Commission and to the employer within 30 days after the injury. He was further charged with knowledge that the failure to give such notice would be a bar to any claim under the act, unless the failure was excused by the State Industrial Commission. The State Industrial Commission was authorized to excuse the failure to give such notice "either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby." The nature of the injury claimed by the claimant was such that probably it would have been relieved by medical treatment. The petitioner was deprived of the opportunity to furnish that treatment. There is nothing in the record to warrant the State Industrial Commission in finding that the insurance carrier or the employer was not prejudiced by the failure of the claimant to give the notice required.

The award of the State Industrial Commission is vacated.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116. (2) annotation in L. R. A. 1916A, 83, 245; L. R. A. 1917D, 135; L. R. A. 1918E, 557; 28 R. C. L. 825; R. C. L. Perm. Supp. p. 6249; R. C. L. Pocket Part, title "Workmen's Compensation," § 113.