## SOUTHWEST BOX CO. et al. v. DAMPF et al.

No. 25445.    Dec. 18, 1934.

Rehearing Denied Jan. 14, 1935.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

B. A. Hamilton and Parke Davis, for respondent Minnie Dampf.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission, entered in favor of Minnie Dampf, claimant, against the Southwest Box Company, respondent.

Claimant seeks to sustain a recovery of compensation for an injury to her back, which she alleges occurred when she fell from a table on which she was working. On March 5, 1934, after two hearings, the Commission entered a finding that claimant was in the employment of respondent in a hazardous occupation covered by the Workmen's Compensation Law, and sustained an injury arising out of and in the course of her employment; that respondent and insurance carrier had actual notice of said accidental injury within the 30 days' statutory period, and were not prejudiced by the failure to give written notice. The Commission found that claimant has been temporarily totally disabled since the date of the injury and entered an award based upon the said disability.

The principal contention of respondent herein is that the Commission erred in finding that respondent had actual notice within the 30 days' statutory period. The notice relied upon by claimant was alleged to have been given by R. V. Dampf, her husband, to Earl Burns, plant foreman, at her instance and request, by telephone calls. A portion of the testimony of the witness is as follows:

"Q. Mr. Dampf, following November 29, 1932, did your wife direct you to do anything for her? A. Yes, sir. Q. What was it? A. Report an accident. Q. When did she direct you to report an accident? A. On the 30th day of November, 1932. Q. To whom did she direct you to report it? A. To the foreman of the Southwest Box Company. Q. What did she tell you to tell the foreman? A. She told me to tell the foreman she would not be able to work; that she had had an accident falling off the table. Q. When? A. November 29, 1932. Q. What time of day? A. At 8:30 at night. Q. What did you do after you received that instruction? A. I went to the telephone and called Mr. Earl Burns. Q. He was the foreman of the Southwest Box Company? A. As far as I knew he was. Q. Did you talk to him? A. Yes, sir.

Q. What did you tell him? A. I told him that my wife would not be to work that day as she fell off the table. Q. When? A. November 29, 1932. Q. Did you tell him where the accident happened? A. Yes. Q. At the plant? A. Yes, that it happened at the plant. Q. Did they send a doctor to see her? A. No, sir. Q. Have they ever sent a doctor to see her? A. No, sir. * * *"

On cross-examination the witness testified:

"Q. You say you called Mr. Burns November 30, 1932? A. He answered as Mr. Burns; they connected me with Mr. Burns. Q. Do you know his voice? A. No, sir. Q. Do you know positively? A. No, he answered as Mr. Burns. Q. But you don't know his voice? A. No, sir."

The witness later testified that, in conformity with the rules of the company, he called Burns three times, on the 30th of November, and on the 1st and 2nd of December, 1932, to advise that his wife would not report for work.

Respondent contends that the above testimony is inadmissible. Said contention, however, is not sustained by the authorities. City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 P. 1095; City of Pawhuska v. Martin, 151 Okla. 24, 1 P. (2d) 638.

The principal question involved herein is whether or not the above testimony is sufficient to constitute notice as required by section 13360, O. S. 1931. In the case of Norman Steam Laundry Co. v. Industrial Commission, 160 Okla. 107, 16 P. (2d) 92, it is said:

"Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence should show information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment, or information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power, otherwise, there is no evidence upon which to base an excuse by the Commission of failure to give the statutory written notice, or to show that the employer was not prejudiced."

In the case of Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P. (2d) 1054, it is said:

"Where claimant fails to give to the Commission and to the employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury, and seeks to excuse such failure upon the ground that the employer has actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature, and cause of the injury, and, if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer."

See, also, Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177; Wirt Franklin Petroleum Corporation v. Wilson, 164 Okla. 129, 23 P. (2d) 644.

It is shown that there was a rule of the company which required that whenever an employee did not intend to report to work, the foreman should be notified in order that he might obtain someone to take the place of the absent employee. It is noted that the witness R. V. Dampf testified that he called the foreman three times, on the 30th of November, and on the 1st and 2nd of December, 1932. He related only one conversation had with the foreman and an examination of his testimony discloses that he did not inform the foreman that his wife was injured, nor give him any notice of the nature or extent of the injury, nor ask for medical attention for her, nor indicate a claim for compensation would be made. Therefore, there is no competent evidence upon which the finding of the Commission as to notice can be sustained.

It is shown that claimant immediately after the date of the alleged injury was removed to the Morningside Hospital at Tulsa and there examined and her trouble diagnosed as cold, anemia, and pregnancy, and that she was treated for such condition.

It is further shown that she had an insurance policy with the Aetna Life Insurance Company, and as a result of her confinement in the hospital and pregnancy she collected a sum of money from the Aetna Life Insurance Company for sick benefits, and it was not until a settlement was made with the life insurance company that this proceeding was instituted.

After reviewing the entire record in the light most favorable to claimant, we are unable to find any competent evidence which sustains the finding of the Industrial Commission that the employer had actual notice of the injury and was not prejudiced by a failure to receive written notice.

The award of the Commission is vacated

and the cause remanded, with directions to take such other and further proceedings as are not inconsistent with the views expressed herein.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BUSBY, JJ., concur.