## FEENBERG PIPE & SUPPLY CO. et al. v. MATTHEWS et al.

No. 26214.    Sept. 17, 1935.

R. V. Lewis and Remington Rogers, for petitioners.

Luther Bohanon, A. P. Murrah, J. I. Gibson, and Leonard H. Savage, for respondents.

PER CURIAM. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of W. D. Matthews, claimant, and against Feenberg Pipe & Supply Company, and/or Feenberg Supply Company, respondent. The employer is the petitioner here. The parties will be hereafter referred to as the petitioner and claimant.

The sole question presented for our determination is whether there was any competent evidence to support the fourth finding of fact as made by the Commission. This finding recites:

474

"That the respondent, within 30 days of said accidental injury, had actual knowledge of said accidental injury and was not prejudiced by the failure of the claimant to give written notice."

It is the contention of the petitioner that notice was not given by the claimant as required by law, and that there is absolutely no evidence to sustain either portion of the above finding made by the Commission, and that consequently the Commission was without authority of law to make such finding.

It is not contended that the claimant gave notice of his alleged injury in the manner required by the provisions of section 13358, O. S. 1931. The employee's first notice of injury and claim for compensation was made and filed with the State Industrial Commission on October 23, 1934. Claimant testified, however, that the foreman in charge of his employer's business was present, when the alleged accident occurred on August 8, 1934.

Section 13358, supra, provides that the failure of the employee to give the notice therein required bars a claim for compensation unless the employee shall by affirmative proof show that such notice could not have been given, or that his employer was not prejudiced by the failure to give such notice. There is in the record before us no affirmative proof that the notice required by said section could not have been given. The claimant seeks to excuse his failure on the ground of actual notice, and maintains that this was sufficient under the rule announced by this court in Olsen Drilling Co. v. Claxton. 152 Okla. 293, 4 P. (2d) 1045. and City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. (2d) 1094, but the evidence of the claimant does not support this contention. On the contrary, it shows a failure to apprise either the petitioner or its foreman of the nature and extent of claimant's alleged injury and a failure to afford the employer an opportunity to investigate the claim or to render medical attention on behalf of claimant. And further shows that this neglect on the part of claimant continued even after he had placed himself under medical care of his own choosing. The evidence further fails to show that claimant ever manifested any intention of claiming compensation from the employer until long after it was too late for the employer to make any investigation regarding the claim, or to render any medical assistance to the claimant. In Norman Steam Laundry v. State Industrial Commission et al., 160 Okla. 107, 16 P. (2d) 92, this court said:

"Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence should show information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment, or information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power, otherwise. there is no evidence upon which to base an excuse by the Commission of failure to give the statutory written notice or to show that the employer was not prejudiced."

The rule announced in the above case is in harmony with the previous decisions of this court in the following cases: Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353; McMann Oil & Gas Co. v. Garrett, 155 Okla. 76, 7 P. (2d) 686; Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177; Trigg Drilling Co. v. Thomas, 160 Okla. 85. 15 P. (2d) 985; Dover Oil Co. v. Bellmyer, 163 Okla. 51. 20 P. (2d) 556; Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P. (2d) 1054; Hinderliter Tool Co. v. Snyder, 163 Okla. 50, 20 P. (2d) 558; Wirt Franklin Pet. Corp. v. Wilson, 164 Okla. 129, 23 P. (2d) 644; Southwest Box Co. v. Dampf, 170 Okla. 269, 39 P. (2d) 589. Under the authority of the above decisions, we are of the opinion that the finding of the Commission herein was without any competent evidence to support it, and that the award of the Commission should be vacated.

This court has always been extremely liberal in construing the Workmen's Compensation Law, but we have likewise adhered to the rule that the findings of fact of the State Industrial Commission must be based upon some competent evidence, and where this has not been done, the award will not be permitted to stand. The award of the State Industrial Commission is vacated.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.