## KANSAS CITY DISTRIBUTING CORP. et al. v. McCROSKEY et al.

No. 24052.   Dec. 17, 1935.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court brought by the petitioner Kansas City Distributing Corporation and its insurance carrier to review and vacate an award made by the State Industrial Commission in favor of the respondent S. J. McCroskey.

On March 25, 1932, the respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation. On a hearing had thereon the petitioner denied liability and alleged failure of the respondent to give the required statutory notice and that petitioner had been prejudiced thereby. The commission found that the petitioner had actual notice of the injury, and that no prejudice had resulted by reason of the failure to give the written notice. The commission further found that the respondent while in the employ of the petitioner had suffered accidental injury and had thereby been temporarily totally disabled for a period of 8 weeks between the dates of January 13, 1932, and March 12, 1932, less the five-day waiting period and awarded compensation accordingly, and further required the petitioner to pay all medical expenses which had been incurred by respondent on account of said injury. The only witnesses appearing before the commission were the respondent and the general manager of the petitioner. The record discloses briefly the following state of facts:

That the petitioner was a corporation with its principal place of business in the city of Kansas City, Mo.; that it was engaged in the wholesale merchandising of electrical equipment; that the respondent was the agent, salesman, and service man for said petitioner in eastern Oklahoma; that on December 14, 1931, while respondent was installing a radio in an automobile, his foot slipped on the running board and skinned his leg; that respondent considered the accident trivial, made no report thereof, and paid no attention to it until about the 4th or 5th of January, 1932, at which time the leg began to give him some trouble, and he applied local treatments; that on or about the 11th day of January, the injury became so severe as to require his confinement in the house, and that he had to call in the services of a doctor around the 13th or 16th of January, 1932, and was subsequently under the care of said doctor for a period of about 60 days; that on the 13th day of January, 1932, the respondent wrote the general manager of the petitioner, but made no mention of any injury or disability; that on the 21st day of January, 1932, respondent again wrote the general manager of the petitioner advising him that he had been confined to his bed for what the respondent thought was a sore toe but what had become almost "a matter of a casket," but did not advise the nature or extent of the disability or whether the same was due to injury or disease; that a few days thereafter the general manager of the petitioner called to see the respondent and the respondent told him that his foot had been infected as a result of driving and that the general manager suggested that he would see if petitioner had compensation insurance to cover such situation. There is no evidence that any notice of accidental injury was given at this time or any claim made for medical services or attention; nor is there any evidence that the respondent was making any claim for compensation, but it appears that the remarks of the general manager in this connection were voluntary and apparently based on the theory of an infection as a result of driving. Respondent in his testimony fails to state when a claim of accidental injury was first made, but in response to a question relative thereto stated that he did not remember and when asked if it was not about March 14th replied that he could not say; the testimony of the general manager of petitioner was that the first notice that he had of any claim of accidental injury was about March 14, 1932.

The petitioner contends that the award should be vacated for the following reasons:

"(1) Respondent, Kansas City Distributing Corporation, was not engaged in a hazardous occupation in Oklahoma at the time of the alleged accidental injury on December 14, 1931.

"(2) Claimant at the time of the injury, which is the basis of the commission's award, was not engaged in manual or mechanical work or labor, and such work or labor was not of a hazardous nature.

"(3) Respondent was not subject to the provisions of the Workmen's Compensation Act, for the reason that the evidence shows that respondent did not have the statutory number of employees.

"(4) The claim for compensation is barred, for the reason that statutory notice was not given as required by section 7292, C. O. S. 1921.

"(5) Error of the Commission in ordering the respondent and insurance carrier to pay all medical expense incurred by claimant as a result of said injury.

"(6) The finding of the Commission that the claimant was not disabled from January 15 to March 12, 1932, is not sustained by the evidence, but on the other hand is contrary to the evidence.

"(8) Error of the State Industrial Commission in ordering and directing Consolidated Underwriters, as insurance carrier, to pay the award."

As we view the record in this case it will

be necessary for us to consider only the fourth contention advanced by the petitioner.

There is no contention that written notice as required under section 7292, C. O. S. 1921, was given to the commission and employer or either of them within 30 days of the accident or the date on which respondent was obliged to quit work, to wit, January 13, 1932, but respondent seeks to excuse the failure to give such notice upon the ground that the employer had actual knowledge of the injury and was not prejudiced by failure to give the written notice. The commission as we have previously observed made findings of fact in accordance with the contention of the respondent in this connection, and if such findings were supported by any competent evidence they would be binding upon this court, but as we have heretofore said in Norman Steam Laundry Co. v. State Ind. Com., 160 Okla. 107, 16 P. (2d) 92:

"Where, in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence should show information imparted to the employer sufficient to show an accidental injury received in the course of and growing out of the employment or, information of an injury and such other facts as would indicate a desire for medical attention and securing compensation for the injury or for diminished earning power, otherwise there is no evidence upon which to base an excuse by the commission of failure to give the statutory written notice or to show that the employer was not prejudiced."

As we have said further in Greis v. Rounsiville, 173 Okla. 189, 46 P. (2d) 905:

"Where.claimant fails to give to the commission and to the employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury, and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature, and cause of the injury, and if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer.

"Where in a proceeding before the State Industrial Commission, actual notice to the employer is relied upon as an excuse for failure to give the written notice provided for by the statute, the evidence must show information imparted to the employer sufficient to show an accidental injury received in and arising out of the employment."

The rule above stated follows the prior holdings of this court in Southwest Box Co. v. Dampf, 170 Okla. 269, 39 P. (2d) 589; Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177; Wirt Franklin Pet. Co. v. Wilson, 164 Okla. 129, 23 P. (2d) 644.

Applying the rule announced in the above cases to the record in the case now under consideration, we find that there is no evidence of any notice whatsoever prior to January 21, 1932. Had the petitioner had actual notice of the accident within 30 days from its occurrence, the rule announced by us in Swift & Co. v. State Ind. Com., 161 Okla. 132, 17 P. (2d) 435, would have been applicable. We further fail to find any evidence in the record of notice to the petitioner on which injury by reason of accident arising out of the employment is to be inferred prior to about March 14, 1932. As this court has repeatedly held, mere notice of disability of an employee without any information which would impart notice to the employer that it was the result of an accidental injury or any claim for compensation on account thereof, is insufficient to apprise such employer in regard thereto. The respondent appears to have been unable to recall making any claim of accidental injury prior to March 14, 1932. The record discloses no reason why the statutory notice could not have been given and wholly fails to show any actual notice to the employer. Under these circumstances the finding of the commission as to actual notice and lack of prejudice as a result of the failure to give the statutory notice is not warranted. There being no evidence to sustain the findings of the commission in this respect, and it appearing from the record that the statutory notice of injury was not given by the respondent.to the petitioner within the time prescribed in the statute, either from the date of the accident or the date when the injury became apparent, respondent's claim for compensation was barred by the statute and the State Industrial Commission had no jurisdiction to consider the same or to make an award thereon.

As previously stated we deem this question decisive of this action, and therefore

the other contentions advanced by the petitioner will not be discussed. The award of the commission is vacated and the cause remanded, with directions to dismiss the claim.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.