## BELLMYER v. DOVER OIL CO. et al.

No. 27613.    Sept. 28, 1937.

Chas. W. Wortman, for petitioner.

Pierce & Rucker, Fred M. Mock, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    The parties will be referred to as petitioner and respondent. This is an original proceeding to review an order of the State Industrial Commission en-tered October 27, 1936, finding that the petitioner failed to give notice of an accidental injury sustained September 30, 1930, while in the employ of the respondent, and that the employer was thereby prejudiced.

The facts are discussed in Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. (2d) 556, wherein this court remanded the cause to the State Industrial Commission for a finding of fact, and in Dover Oil Co. v. Bellmyer, 175 Okla. 19, 52 P. (2d) 761. In the latter opinion we held:

"We therefore vacate the award and remand the cause to the State Industrial Commission, with directions (1) to determine upon a retrial whether the employer has been prejudiced by failure to give notice of injury; (2) if it is determined that the employer has not been prejudiced, then the commission should determine the amount of compensation due by reason of the injury to his back and ankle; (3) in the event it is determined that the employer has been prejudiced by the failure to give notice, then (4) the commission is directed to determine the amount of compensation due claimant by reason of the injury to his right ankle."

Subsequent to the opinion filed December 13, 1935, the State Industrial Commission held hearings on June 23, 1936, at Bartlesville, and upon the evidence introduced entered the order above referred to and continued the cause to determine the disability occasioned to the petitioner by the injury to his ankle.

The petitioner presents the sole question that the order is not sustained by competent evidence. We do not consider it necessary to review the evidence since the opinion of the court in Dover Oil Co. v. Bellmyer, 175 Okla. 19, 52 P. (2d) 761. The parties agreed that all the evidence formerly introduced could be considered to determine the question. No attempt was made to show actual notice other than had been made in former hearings. In Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353, this court said:

"The respondent wholly failed to sustain the affirmative burden upon him to show that such notice could not have been given, or that his employer was not prejudiced thereby. The award of the commission makes no finding of fact excusing such failure to give notice, and the testimony shows without doubt that petitioners were prejudiced by failure to receive said notice within the statutory time required. It appears under section 7292, supra, the claim of respondent Rogers herein is thereby barred.

"It is essential that an employer must

have notice of the injury of a claimant within 30 days and such requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice. From the fact that the Legislature has required such notice to be given, the presumption naturally arises that the opportunity for prompt investigation of an alleged injury is one of value. It would be a peculiar rule that would permit a claimant to wait months until the means of information were closed, then come in with his own case, and claim that the employer is not prejudiced because of not having received the required notice, and had an opportunity to make investigation at or near the time of the injury."

In the syllabus of that case we said:

"Under section 7292, C. O. S. 1921, providing that notice of an injury for which compensation is payable under the Workmen's Compensation Act of Oklahoma shall be given to the employer within 30 days after injury, failure of the employee to give such notice will bar a claim for compensation under the act, unless the employee shall excuse such failure by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby. Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038."

In Hinderliter Tool Co. v. Snyder, 163 Okla. 50, 20 P. (2d) 558, this court said:

"The Legislature has seen fit to enact, as a part of the Workmen's Compensation Act of the state of Oklahoma, section 13358, supra. The claimant was charged with knowledge that he, or some one in his behalf, was required to give notice in writing of any injury for which compensation would be claimed to the State Industrial Commission and to the employer within 30 days after the injury. He was further charged with knowledge that the failure to give such notice would be a bar to any claim under the act, unless the failure was excused by the State Industrial Commission."

Under section 13358, O. S. 1931, it is provided that notice shall be given unless it is found by the State Industrial Commission that the employer had actual notice, or said commission excuses failure to give such notice on the ground that the employer was not prejudiced. This court has determined that the employer did not have actual notice. Dover Oil Co. v. Bellmyer, supra. No other evidence was introduced tending to show actual notice. The State Industrial Commission after an examination and hearing of evidence refused to excuse the giving of the notice, but, on the other hand, found that the employer had been prejudiced by failure to give such notice, and there is competent evidence ample to sustain this finding. Under this state of the record, the petitioner is not entitled to an award, and the order of the State Industrial Commission is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur.