RUNG, RESPONDENT, v. INDUSTRIAL ACCIDENT BOARD, APPELLANT.

(No. 8344.)

(Submitted January 12, 1943. Decided April 20, 1943.)

[136 Pac. (2d) 754.]

348

*Mr. E. G. Toomey, Mr. E. M. Hall,* of *Toomey, McFarland & Hall,* submitted a brief; *Mr. Hall* argued the cause orally.

*Mr. J. H. Morrow, Jr.,* and *Mr. H. B. Landoe,* for Respondents, submitted a brief; *Mr. Landoe* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Plaintiff, on June 25, 1939, while employed at the Climbing Arrow Ranch in Gallatin county, was injured. The Industrial Accident Board was first notified of the accident on December 28, 1939, through a report received from Dr. Richard R. Sigler, that plaintiff had a hernia as a result of the accident. On January 11, 1940, the employer's first report was made to the board. On February 13, 1940, application for compensation was made as prescribed by the statute. Compensation was allowed and paid. Application was made by plaintiff for the operating fee, for hernia operation, as provided in section 2921, Revised Codes, a hernia operation having been performed on February 7, 1941, that date being more than six months after the date of the accident. The application was denied by the board and subsequently, after other legal steps had been taken, an appeal was taken to the district court for Gallatin county from the order of the board denying the claim for the operating fee. The decision of the board was reversed and judgment entered for the plaintiff. The appeal is from that judgment.

Before taking up the main question involved it is necessary to dispose of the argument of the board that the judgment should be reversed in that the plaintiff failed to establish his right to compensation in the first instance, which is necessary before he is entitled to the operating fee, for the reason that the record fails to show that he had given the notice to his employer provided for in section 2933, Revised Codes, or that the employer had actual knowledge of the injury as provided in that section.

In this suit the validity of the order granting compensation and the payment of it are not contested. The single question presented in the district court and upon this appeal is the matter of the operating fee provided for in section 2921, Revised Codes. On this point the board itself says this in its brief,.

after urging that the operation fee be denied for the reason above stated, that it, the board, "may now be estopped from urging this point on appeal, and as to the allowance for compensation, the appellant does not ask that its action be reversed." The board, then, is asking on the one hand that its award of compensation be not disturbed even though the notice prescribed by the statute was not given by the injured workman to his employer, and on the other hand it is asking that the operating fee, which follows as a matter of course on award for compensation for hernia where an operation is had, be not allowed for the same reason. Even though we might be able to go back to the award of the board, from which no appeal was taken, on the theory that jurisdictional facts are not shown in the record to support the award, in view of the record in this case, we see no reason for doing so. No objection at any time was made by the board to the sufficiency of the showing of actual knowledge on the part of the employer of the fact of the happening of the accident. At no time was claimant notified that his showing was insufficient to establish the fact of actual knowledge. While the record indicates that the employer was not notified by the claimant that the claimant suffered a hernia as a result of the accident until after the time prescribed in the statute for the giving of the notice, there is nothing in the record to indicate that the employer did not have actual timely knowledge of the happening of the incident out of which the injury arose. On the contrary, in the "Employer's First Report of Injury," filed with the board and appearing in the record, the next question after the one asking when the employer received notice from the employee, was "Did you or your managing superintendent in charge of work of injured employee at time of injury have actual knowledge of such accident?" The answer was, "Not until some time after the accident." There is nothing to show that "some time after" means "more than thirty days after," and the record therefore does not show affirmatively that actual knowledge was not received by the employer in time. Apparently the board drew

the contrary inference from the reports. The report of the employer through its manager is direct and positive as to the happening of the accident and as to the circumstances under which the accident occurred, including the date which corresponds with the date given by the claimant himself. A letter sent by the employer to the board says that he makes his report, based upon his own memory, and that "I am pretty sure it is, June 25 but I may be in error on this point." It is to be inferred from this language together with other facts appearing in the employer's report to the board that the employer did have actual knowledge of the incident at or about the time of its occurrence but did not know that the claimant had suffered the hernia until some time later. Therefore, in view of what has transpired in this case and the record, this court will not go back of the award of compensation for hernia on this point.

Plaintiff's claim is predicated upon the provisions of section 2921, supra, which provides:

"A workman, in order to be entitled to compensation for hernia, must clearly prove:

"(1) That the hernia is of recent origin;

"(2) That its appearance was accompanied by pain;

"(3) That it was immediately preceded by some accidental strain suffered in the course of the employment; and,

"(4) That it did not exist prior to the date of the alleged injury.

"If a workman, after establishing his right to compensation for hernia, as above provided, elects to be operated upon, a special fee of not to exceed one hundred dollars ($100.00) shall be paid by the employer, the insurer, or the board, as the case may be. In case such workman elects not to be operated upon, and the hernia becomes strangulated in the future, the results from such strangulation will not be compensated."

The board's position is that section 2921 must be read in conection with section 2917, which provides in part: "During the first six (6) months after the happening of the injury, the employer or insurer or the board, as the case may be, shall

furnish reasonable services by a physician or surgeon, reasonable hospital services and medicines when needed, and such other treatment approved by the board, not exceeding in amount the sum of five hundred dollars ($500.00), unless the employee shall refuse to allow them to be furnished, and unless such employee is under hospital contract as provided in section 2907 of this Act.''

Its position is that it may not pay the special operating fee in a hernia case where the operation is had more than six months after the date of the injury, as provided in section 2917. The trial court held section 2921 to be a special statute to which the terms of section 2917 as to the time limit are not applicable. With this view we agree.

Section 2921 was before this court in *London Guaranty & Accident Co., Ltd., v. Industrial Accident Board,* 82 Mont. 304, 266 Pac. 1103. As the Act then read the surgical fee provided for in hernia cases was $50. It was there sought to recover the sum of $100 for the hernia operation under the provisions of section 2917. This court held that section 2921 was a special Act, complete in itself as to the fee to be allowed, and that section 2917, which in ordinary cases allows up to $500, was not applicable, and that the board was in error in allowing a fee in excess of the $50 then provided by section 2921. No time limit, of course, appears in the Act except that the fee may not be allowed until after the workman has established his right to compensation. The use of the language ''after establishing his right to compensation'' indicates very strongly that the legislature had no intention of applying the six-months limitation, as in many cases the establishment of the right to compensation may take longer than six months as provided in section 2917.

The purpose of section 2921 is very apparently to encourage the repair of the injury by operation. The nature of the injury is such that good reason may exist for the legislature to treat it differently from other injuries. In many cases the full extent of the injury is not apparent immediately after the accident which caused it. No reason presents itself which

would require our reading into the Act a proviso to the effect that the provisions of section 2917 should control as to the time in which the operation may be had.

Is there any reason why the legislature may not provide a time limit for certain operations and not for hernia operations? Exactly the same question was presented to the Texas court in *Texas Employers' Ins. Ass'n v. Henson,* Tex. Civ. App., 31 S. W. (2d) 669. In that state there is a special provision for hernia cases in section 12b of Article 8306, Revised Statutes of Texas 1925, which provided for medical and hospital bills. In another section of the Workmen's Compensation Act of that state a time limit of four months is put on the time in which medical and hospital bills may be incurred for the treatment of injured workmen. No such limitation appears in section 12b of Article 8306. The court held that the specific provision as to hernia cases was not controlled by the general statute and that claims. for medical and hospital service, even though incurred after the four months provided by the general statute, could be properly paid.

In 71 C. J., p. 777, the rule is stated thus: ''Where the statute makes complete provision for medical treatment in hernia cases and contains no limitation of time within which the expenses must be incurred, the time limit applicable to ordinary cases will not govern.''

No error appearing, the judgment is affirmed.

Mr. Chief Justice Johnson and Associate Justices Anderson and Adair concur.

MR. JUSTICE MORRIS:

I dissent. Section 2933, Revised Codes, of the Workmen's Compensation Act, provides: ''No claims to recover compensation under this Act for injuries not resulting in death shall be maintained unless, within thirty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing, stating the name and address of the person injured, the time and place where the accident accurred, and the nature

of the injury, and signed by the person injured, or some one in his behalf, shall be served upon the employer or the insurer, except as otherwise provided in section 2900; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service.''

The exception mentioned in this section and set out in section 2900 is not pertinent to any question involved in the case at bar. There is no provision anywhere in the Act relating to notice to the employer or insurer of injury to the workman other than the notice provided for by section 2933, and the notice there provided for must be given in all cases in which any injured workman desires to recover compensation under the Act. To assume that the injury resulting in hernia is an injury of which notice need not be given is to assume that which no reasonable construction of section 2933 can justify under any recognized rule of statutory construction. The statement by this court in *London Guaranty & Accident Co. v. Industrial Accident Board*, 82 Mont. 304, 266 Pac. 1103, 1105, that ''section 2921 is a special section relating to a specific subject,'' was obviously not intended to mean that notice could be dispensed with in hernia cases. There is no sound reason for excepting hernia cases from requirements relative to notice set out in section 2933. The author of the opinion in the case just cited above is too learned in the law to say that because section 2921 ''relates to hernia and nothing else'' one sustaining an injury resulting in hernia does not have to give notice of injury in compliance with the provisions of section 2933. That section says: ''No claims to recover compensation under this Act * * * shall be maintained unless, within thirty days * * * notice * * * shall be served,'' etc. Section 2933 is a part of the Act and the claimant seeks such compensation as is provided by the Act. He seeks it from no other source and under no other authority, and he is not legally entitled to compensation unless

he can affirmatively show compliance with section 2933. That section is all inclusive, applying to every sort of injury arising by accident that comes under the Act as a whole.

This court determined the precise question involved in the action at bar in the case of *Maki v. Anaconda Copper Mining Co.*, 87 Mont. 314, 287 Pac. 170, 173, from which I quote:

"Statutes adopted in many states, including the New York statute referred to, are much more liberal in excusing failure in this regard than is our statute, and construction of statutes by the courts of sister states is only of aid when the provisions are similar to ours.

"As section 2899 'is mandatory, and compliance with its requirements is indispensable to the existence of the right to maintain' such a proceeding (*Chmielewska v. Butte & Superior Min. Co.*, 81 Mont. 36, 261 Pac. 616, 617), so likewise are the provisions of section 2933 mandatory and indispensable to the maintenance of a claim for compensation. (*Smith v. Industrial Acc. Comm.*, 174 Cal. 299, 162 Pac. 636, 637). In the *Smith case* the court, commenting on a statute identical with section 2933, said: 'It is clear from these provisions that any kind of knowledge, other than actual, or first-hand knowledge, would be insufficient, for the statutory equivalent of the information required to be given in the notice is actual knowledge.' Reversing an award made on as strong a showing, at least, as was here made, the court said of the oral communication: 'It was information conveyed * * * rather than his actual knowledge * * * upon which the award was made; * * * it is evident that the Commission proceeded on the theory that, in the absence of a written notice, it is sufficient to prove that oral information of the injury was given * * * within the statutory period.' The position taken by counsel for this claimant is precisely that taken by the California commission, and by the Supreme Court of that state declared contrary to the mandatory provisions of a statute identical, as stated, with our section 2933.

"We agree that provisions of the Compensation Act should

be given a liberal construction in order to do justice, and, for this reason, we have gone to greater lengths than did his learned counsel in seeking to discover in the record some evidence on which we could say that the claimant showed either timely written notice, or its equivalent of actual knowledge on the part of those persons enumerated in the statute, but have found no evidence on which we can relieve the claimant from the declared result of his own neglect.

"*No rule of construction can justify the disregard of the plain mandate of the law.* 'In the construction of a statute the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted. (Sec 10519, Revised Codes 1921.)' (*Chmielewska* v. *Butte & Superior Min. Co.*, supra.) If a more liberal rule as to relief from failure to file the written notice 'signed by the person injured or someone in his behalf' is desired, appeal must be made to the Legislature, as this court cannot invade the province of that body. [Italics mine.]

"As claimant did not file the written notice required within sixty days [now thirty] after he became mentally competent, or at all, and it was apparent that the employer did not have actual knowledge of the accident and injury, his claim could not be 'maintained,' * * *."

The notice of injury required was not given in the case at bar. In claimant's application for compensation made under oath he states that he was injured June 25th, 1939, and further states that he was building a fence at the time the accident occurred and that he was alone, so that the actual knowledge which the statute provides may take the place of the notice in writing provided for in section 2933 could not have been possessed by anyone other than the claimant himself. In answer to the question in his application for compensation, "How and when did you notify your employer of the accident?" he answered under oath: "By personal conversation to foreman Jim Connors September 12, 1939." It will thus be seen that by

claimant's own sworn statement he did not give any notice to anyone connected with his employer of his injury until seventy-nine days after the accident occurred. Furthermore, there is serious doubt as to whether notice to Connors was notice to the employer. Connors was not shown to be the kind of representative of the employer that the statute calls for.

The record before us does not show that there was any attempt to comply with section 2933 in any particular. The words of that section are too plain to admit of any doubt of its meaning. It is clearly a command to the Board not to approve any claim unless notice is given as provided. It was so held in the *Maki Case*, supra, and said to be "indispensable to the maintenance of a claim for compensation."

The reasons for requiring notice are well stated in the case of *Finch* v. *Buffalo Envelope Co.*, 218 App. Div. 31, 217 N. Y. Supp. 744, 746, affirmed in 244 N. Y. 557, 155 N. E. 895. It was there said: "It was intended that the required written notice should be given in order that the employer might have opportunity to investigate while an investigation would be of advantage, to the end that he might learn where, how, and why the employee was injured, whether the injury arose out of and in the course of the employment, * * * and what if any treatment could be furnished to avoid or lessen the disability." (See, also, *Littleton* v. *Grand Trunk Railroad Co.*, 276 Mich. 41, 267 N. W. 781; *Hercules Powder Co.* v. *Nieratko*, 114 N. J. L. 254, 176 Atl. 198.) In the latter case it was said: "Nor can we assume that this important requirement [notice] is directory merely and may be complied with or not as the claimant may choose. It would seem to be a condition precedent to the enforcement of any claim." (See, also *Consumers Co.* v. *Industrial Commission*, 364 Ill. 145, N. E. (2d) 34, 107 A. L. R. 811; *Ex parte Stith Coal Co.*, 213 Ala. 399, 104 So. 756; *Smith* v. *Industrial Acc. Comm.*, 174 Cal. 199, 162 Pac. 636, 638.) In this last cited case the court, in discussing the provisions of section 20 of the California Workmen's Compensation Act, which in substance is the same as our section 2933, said: "We have examined these questions with

358

great care for the reason that they involve the jurisdiction of the Commission, for unless the provisions of section 20 have been complied with, by its express terms 'no claim to recover compensation under this Act shall be maintained.' "

The majority opinion passes off with but little consideration the failure of the injured workman in the case at bar to give the notice required by the statute and makes this remarkable comment: "No objection at any time was made by the board to the sufficiency of the showing of actual knowledge on the part of the employer of the fact of the happening of the accident. At no time was claimant notified that his showing was insufficient to establish the fact of actual knowledge. While the record indicates that the employer was not notified by the claimant that the claimant suffered a hernia as a result of the accident until after the time prescribed in the statute for the giving of the notice, there is nothing in the record to indicate that the employer did not have actual timely knowledge of the happening of the incident out of which the injury arose."

This remarkable statement assumes that the burden was on the employer to show that he had no actual knowledge of the claimant's injury, in the face of the fact that the statutory requirement of notice has been held by this court to be maindatory and that notice has to be given by the claimant or someone in his behalf. Clearly, any injured workman who claims the right to compensation out of the Workmen's Compensation Fund must affirmatively establish his claim to such compensation. It ought to be obvious to everyone that a claimant must affirmatively establish his right to compensation. It was held in *Skelly Oil Co. v. Johnson*, 157 Okl. 278, 12 Pac. (2d) 177, that one who sought to excuse the failure to give written notice of injury must prove that the employer had actual notice of the time, place, nature and cause of injury, the burden being clearly placed upon the claimant. To the same effect is *Norman Steam Laundry v. State Industrial Comm.*, 160 Okl. 107, 16 Pac. (2d) 92. In *Kangas' Case*, 282 Mass. 155, 184 N. E. 380, 381, it was held that "the burden of proof, as the statute plainly

indicates, is on the claimant to show that the insurer was not prejudiced by the want of notice. * * * Where the statute plainly puts the burden of proof on the claimant, it would be unusual to create by judicial ruling a general presumption in her favor." In *Texas Employers' Ins. Ass'n v. Hilderbrandt*, (Tex. Civ. App.) 62 S. W. (2d) 209, 210, it was held that "under the Workmen's Compensation Act * * * the burden of proof is always upon the party claiming compensation."

Again, the majority opinion refers to the board's statement that it " 'does not ask that its action be reversed.' " The holding of this court in the *Maki case*, supra, clearly makes the notice essential to the jurisdiction of the board. That jurisdiction cannot be waived is elementary law. It was held in effect in the case of *Texas Indemnity Co. v. Bridges*, (Tex. Civ. App.) 52 S. W. (2d) 1075, that notice of injury to a foot filed by claimant with the proper authorities within the prescribed period of thirty days was sufficiently comprehensive to give jurisdiction to the industrial accident commission. It was held in *Feenberg Pipe & Supply Co. v. Matthews*, 173 Okl. 473, 49 Pac. (2d) 76, that the Industrial Accident Commission was not authorized by the provisions of the Compensation Act to excuse the failure to give the notice required by the Act.

The statutes of Montana give the board no power to waive the provisions of section 2933, nor may any act of the board be pleaded or proved under the rule of estoppel and by that means evade the statute in the interest of any claimant. The provisions of the Workmen's Compensation Act are binding on the claimant, on the Industrial Accident Board and on this court, and may not be waived except by express authority from the legislature. "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by private agreement." (Sec. 8742, Rev. Codes.)

The judgment of the district court should be reversed.

Rehearing denied May 13, 1943.