MASSACHUSETTS BONDING & INS. CO. et al. v. WELCH et al.

No. 31316. March 21, 1944.

*146 P. 2d 995.*

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, for petitioners.

T. F. Dukes, of Hominy, and Randell S. Cobb, Atty Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Massachusetts Bonding & Insurance Company and J. E. Foster, hereinafter called petitioners, to review an award made to Allen Welch, hereinafter called respondent.

On the 22nd day of June, 1942, respondent filed his first notice of injury and claim for compensation stating that he was employed as an oil well pumper, and on the 28th day of January, 1942, sustained an accidental injury arising out of and in the course of his employment while cleaning out a well when salt water, oil and corroded scale struck his right eye causing an infection.

An award was entered on the 21st

day of January, 1943, for total temporary disability and for 100 weeks for total loss of the right eye. This proceeding is brought to review the award.

In two propositions petitioners present the failure to give the statutory written notice required by 85 O. S. 1941 § 24, and the failure to excuse the giving of the statutory written notice. It is admitted that the statutory written notice was not given. Petitioners raised the issue at every stage of the proceeding and introduced evidence in support of such issue. The State Industrial Commission made no finding on the issue of notice, and in this there was error which requires that the cause be remanded to the State Industrial Commission for further proceedings.

Under 85 O. S. 1941 § 24, providing that the notice of an injury for which compensation is payable shall be given to the employer within 30 days, failure of the employee to give such notice will bar the claim where the issue of such failure is raised by the employer, unless the State Industrial Commission makes a finding excusing the giving of the statutory written notice on the ground that such notice could not have been given or that the employer, or the insurance carrier, as the case may be, was not prejudiced by the failure to give said statutory written notice. Greer County Gins v. Dunnington, 166 Okla. 302, 27 P. 2d 630; Hinderliter Tool Co. v. Snyder, 163 Okla. 50, 20 P. 2d 558; Velie Mines Corporation v. Rogers, 150 Okla. 185, 1 P. 2d 353; Dover Oil Corporation v. Bellmyer, 175 Okla. 19, 52 P. 2d 761, and Id. 181 Okla. 11, 71 P. 2d 973.

Since there was a total failure to make a finding upon the issue of notice or to excuse the failure for either of the statutory reasons, the cause must be and the same is remanded to the State Industrial Commission, with directions to vacate the award and to proceed in accordance with the views herein expressed.

Award vacated, with directions.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur.