**BIG X DRILLING COMPANY and Traders and General Insurance Company, Petitioners,**

v.

**William W. HUNT and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 38294.**

Supreme Court of Oklahoma.

March 24, 1959.

Fisher & O'Toole, Oklahoma City, for petitioners.

Robert N. Woodard, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On the 18th day of March, 1954, William W. Hunt, claimant herein, filed a claim for compensation against Big X Drilling Com-

pany and its insurance carrier, Traders and General Insurance Company, petitioners herein, stating that on the 17th day of December, 1953, while in the employ of petitioner Big X Drilling Company, he fell on the floor of a rig and sustained an accidental injury consisting of an injury to his back causing some permanent disability to his person.

Petitioners filed a joint answer to claimant's claim consisting of a general denial and an affirmative plea that claimant failed to give them written notice of his injury and that they were prejudiced thereby.

The trial judge at the close of the evidence found:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on or about December 17, 1953, consisting of injury to his back.

"That claimant is excused from giving the statutory written notice, since he gave his foreman actual notice of said injury, and respondent was not prejudiced by such failure to give the written notice as required by law.

\*　　\*　　\*　　\*　　\*　　\*

"That claimant sustained 22.5 per cent permanent partial disability to the body as a whole, as a result of said injury, for which he is entitled to compensation for 112.5 weeks at $28.00 per week, or the total amount of $3,150.00, all of which has accrued and shall be paid in a lump sum."

The trial judge, upon such findings, awarded claimant compensation in the sum of $3,150 and ordered that petitioners pay all necessary medical and hospital bills actually incurred by claimant in connection with the treatment of said injury.

The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review the award. They do not contend that the evidence is insufficient to support the finding of the Commission that claimant sustained an accidental injury to his back on December 17, 1953, causing a 22.5 per cent permanent partial disability to the body as a whole. Their sole contention is that the evidence is insufficient to sustain the finding of the Commission that petitioners had actual notice of the injury and were therefore not prejudiced by failure of claimant to give the statutory written notice.

Claimant in his own behalf testified in substance as follows: On December 17, 1953, he was working for petitioner, Big X Drilling Company, as a roughneck on the rig floor and that the driller on the job was Clyde Bagley; that also working with the crew were Leroy Bowling and Clarence Wendler; that as they were coming out of the hole he grabbed hold of the tongs which had slipped off the pipe; that in an attempt to put them back on the pipe he was jerked to the floor and strained his back; that he immediately reported the accident to the driller, Clyde Bagley, who was his boss and that Bagley was present and saw the accident, and that he told Bagley he was injured by the fall; that he went back and worked the next shift at which time he told Bagley he might have to see a company doctor, to which Bagley replied that there was no company doctor in the vicinity; that he did not show up for the following shift; that he saw Bagley one other time in front of a cafe about ten days after he quit work and again told him he would have to see a doctor and was again informed by Bagley that there was no company doctor in the vicinity, and that if he knew a doctor he wanted to see he should go ahead. In the latter respect claimant's testimony was substantially corroborated by Robert Cramer who was present and heard the conversation.

Shortly thereafter claimant went to Enid General Hospital and saw Dr. C who examined him and removed his appendix. He thereafter returned to Dr. C and the doctor operated on his back. He remained in the hospital until April 4, 1954, and on different occasions thereafter returned to the hospital and saw Dr. C at intervals until September of 1954.

On cross-examination claimant admitted that he was convicted of the offense of passing a forged check and served a term in prison for such crime.

Clyde Bagley, the driller, in substance testified; that he was an employee of Big X Drilling Company during the month of December, 1953; that claimant Hunt worked for him six or seven days; that he quit work at the end of that time without reason; that he knew nothing of Hunt sustaining an accident on December 17, 1953; that when making a "trip" Hunt was in his full view but that he never observed the tongs slipping and jerking Hunt to the floor; that Hunt never, while employed or thereafter, reported an accident to him nor requested any medical treatment, and that he was the man to whom accidents should be reported.

Petitioners argue that the testimony of Bagley, the driller, should be more convincing to the court than the testimony of claimant, a confessed felon to the charge of forgery, and that if the claimant would falsify another man's name to a check it is not without the bounds of reasoning that he would falsify his testimony in the hope of obtaining money on a fictitious claim.

■■ The mere fact that claimant was convicted of a felony would not disqualify him to testify. It would only go to his credibility. 12 O.S.1951 § 381. We have held the State Industrial Commission is the sole judge of the credibility of witnesses appearing before it and of the weight which it will give to the testimony of such witnesses. Curry v. State Industrial Commission, 182 Okl. 119, 76 P.2d 899.

Petitioners further argue that had claimant given written notice of his injury as required by law they would then have been afforded an opportunity to examine him prior to the operation and it might then have developed that no injury existed or that no operation was necessary. They further argue that the credible evidence clearly indicates that petitioners have definitely been prejudiced by reason of the failure of claimant to give the statutory written notice. In support of this contention they cite Southwest Box Co. v. Dampf, 170 Okl. 269, 39 P.2d 589; Norman Steam Laundry v. State Industrial Commission, 160 Okl. 107, 16 P.2d 92, and other related cases. We have examined these cases and conclude they are not controlling here because of a difference in the facts.

■ Claimant testified that he sustained an accidental injury to his back on December 17, 1953; that Bagley saw him fall on the rig floor; that on the same day claimant notified Bagley that he was hurt by the fall, and was having pain in the back. Accepting the testimony of claimant as true, as the Commission evidently did, petitioners could not possibly have been prejudiced by failure of claimant to give written notice of his injury. The evidence amply sustains the finding of the Commission that petitioners had actual notice of claimant's injury and were not prejudiced by failure to give the written notice. This finding therefore will not be set aside on review. In Baash-Ross Tool Co. v. State Industrial Commission, Okl., 289 P.2d 659, 660, this court held:

"Under the provisions of 85 O.S. 1951, § 24, the State Industrial Commission is authorized to excuse the giving of the statutory written notice provided therein; and if there is any competent evidence sustaining the finding of the State Industrial Commission that the employer has not been prejudiced by failure to give the statutory written notice, a finding thereon will not be disturbed on review."

There is ample evidence to sustain the finding of the Commission that on the 17th day of December, 1953, claimant sustained an accidental injury consisting of an injury to his back and as a result of that injury he suffered 22.5 per cent permanent partial disability to the body as a whole. Since petitioners in their brief do not contend or argue to the contrary we deem it unnecessary to discuss the evidence on this issue in detail.

Award sustained.